## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| RONDA RACCA, Individually and on behalf of all similarly situated persons, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. 1:22-cv-142 |
| EFG GENERAL PARTNER CORP.; EDUCATION FUTURES MANAGEMENT, COMPANY; EDUCATION FUTURES GROUP, LLC; COMPUTER CAREER CENTER, L.P. d/b/a VISTA COLLEGE; PROSPECT PARTNERS, LLC; JIM TOLBERT; MICHAEL McINERNEY and LOUIS KENTER, | § § § § § § § § § § | |
| Defendants. | § | |

### NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), 28 U.S.C. §§1441, 1446, and 1453, as well as Local Rule CV-81, Defendants Prospect Partners, LLC, Michael McInerney, and Louis Kenter (collectively, the "Removing Defendants"), hereby give notice of the removal in the above-styled action from the District Court of Jefferson County, Texas, 136th Civil District Court, where it is now pending as Civil Action No. D-208582. As grounds for removal, the Removing Defendants state the following:

The state court civil action is removable to this Court, and this Court has subject matter jurisdiction over this civil action, under CAFA, 28 U.S.C. § 1332(d), as well as 28 U.S.C. §§1441(a), and 1453, because this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds

$5,000,000, and there is minimal diversity.

## ALLEGATIONS OF THE COMPLAINT

1.      On October 12, 2021, Plaintiff Ronda Racca ("Plaintiff" or "Racca") filed a "Plaintiff's Original Class-Action Petition" in the District Court of Jefferson County, Texas, located at 1085 Peal Street, Beaumont, Texas 77701, in the Civil Action styled as *Ronda Racca, individually and on behalf of all similarly situated persons, v. EFG General Partner Corp., et al.*, No. D-208582. *See generally* Declaration of Joshua Baker, ¶2 ("Baker Declaration"); *id.* at Exhibit A, Plaintiff's Original Class-Action Petition ("Original Complaint").

2.      Plaintiff did not serve the Original Complaint on the Removing Defendants. *See* Baker Declaration, ¶3.

3.      On March 30, 2022, Plaintiff filed a "Plaintiff's First Amended Class-Action Petition" ("First Amended Complaint"). *See* Baker Declaration at Exhibit A, Plaintiff's First Amended Complaint.

4.      Through their counsel, the Removing Defendants accepted service of the First Amended Complaint on April 4, 2022. *See* Baker Declaration, ¶3.

5.      The First Amended Complaint contains claims seeking relief on behalf of a putative class defined as follows:

> All students of any Vista College located in Texas who were enrolled at the time Vista College closed on or about October 8, 2021.

First Amended Complaint, ¶14.

6.      The First Amended Complaint makes claims for breach of contract including the breach of express and implied terms – breach of covenant of good faith and fair dealing, negligent and intentional misrepresentation, breach of fiduciary duty, violations of the Texas

Deceptive Trade Practices Consumer Protection Act ("DTPA"), quantum meruit, promissory estoppel, and unjust enrichment. *See* First Amended Complaint, ¶¶43-94.

## REMOVAL PROCEDURES

7.  This Notice of Removal is timely under 28 U.S.C. §1446(b). The Notice of Removal is being filed within 30 days of service of the "initial pleading setting forth the claim for relief" (28 U.S.C. §1446(b)(1)), as the Removing Defendants accepted service of the First Amended Complaint on April 4, 2022. *See* Baker Declaration, ¶3; *see also* 28 U.S.C. §1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014). Accordingly, this Notice of Removal is timely under 28 U.S.C. §1446(b)(1).

8.  The United States District Court for the Eastern District of Texas, Beaumont Division, is the federal judicial district embracing the District Court of Jefferson County, Texas, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§124(c)(2) and 1441(a).

9.  This civil action is removable pursuant to 28 U.S.C. §1441, which authorizes removal of any civil action brought in a state court in which the United States District Court has original jurisdiction. This civil action is removable, and this Court has original jurisdiction, based upon 28 U.S.C. §1332(d) because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and a defendant, and the aggregate amount in controversy exceeds $5,000,000.

10. In accordance with 28 U.S.C. §1446(a), a copy of all "process, pleadings and orders" served upon the Removing Defendants are attached to the Baker Declaration. *See* Baker Declaration at Exhibit A.

11.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal and all "process, pleadings, and orders" are being served on Plaintiff and other Defendants on this date, and a copy of this Notice of Removal is being filed with the Clerk of Court for the District Court of Jefferson County, Texas.

12.     While their consent is not required to remove this action, *see* 28 U.S.C. §1453, all other Defendants properly joined and served have joined in or consented to the removal of this action. *See* Baker Declaration, ¶4.

13.     The Removing Defendants have sought no similar relief with respect to this matter.

14.     In filing this Notice of Removal, the Removing Defendants do not waive and specifically reserve any and all defenses, exceptions, rights, and motions, including defenses concerning lack of personal jurisdiction, improper venue, and the right to arbitrate. No statement or omission in this Notice shall be deemed an admission of any allegations or damages sought in the First Amended Complaint.

15.     The Removing Defendants are providing with this filing the information required under Local Rule CV-81(c). The information required by CV-81(c)(1) and (c)(3) is in the Supplement to the Civil Case Cover Sheet, the materials required by CV-81(c)(2) are attached to the Baker Declaration, the information required by CV-81(c)(4) is in the Civil Case Cover Sheet, and the information required by CV-81(c)(5) is set forth above in Paragraph 1.

### REMOVAL BASED ON SECTION 1332(d) CAFA JURISDICTION

16.     This Court has subject matter jurisdiction pursuant to CAFA because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and a defendant, and the aggregate amount in controversy exceeds

$5,000,000.

## Plaintiff's Action is a Class Action for Purposes of CAFA

17.     The First Amended Complaint is titled: "Plaintiff's First Amended Class-Action Petition." First Amended Complaint, at p. 1. It includes "Class Action Allegations." First Amended Complaint, ¶¶16-23. It states: "COMES NOW Plaintiff, individually and on behalf of all similarly situated persons (as defined in the Class below), . . . ." *Id*. at p. 1. It defines the "Class" as:

> All students of any Vista College located in Texas who were enrolled at the time
> Vista College closed on or about October 8, 2021.

First Amended Complaint, ¶14. It alleges that the proposed class "consists of more than three thousand students . . . the joinder of which in one action is impractical," that "Defendants violated the rights and interests of each Class Member in the same manner," that "[c]ommon questions of law and fact predominate over any questions affecting individual Class Members," that "Plaintiff's claims are typical of Class Members claims," that "Plaintiff and her counsel will fairly and adequately represent the interests of Class Members," and that a "class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and Class Members' claims." *Id*. ¶¶17-21.

18.     As such, this matter is a class action as that term is defined pursuant to 28 U.S.C. §1332(d)(1)(B) and 28 U.S.C. §1453.[1]

## The Number of Alleged Class Members Exceeds 100

---

[1] Although this civil action was filed by Plaintiff as a putative class action and is therefore removable under the relevant statutes, the Removing Defendants do not admit that this action can properly proceed as a class action. The Removing Defendants expressly reserve the right to challenge whether the civil action brought by Plaintiff meets the requirements of Fed. R. Civ. P. 23 or any other applicable rule.

19.     Plaintiff pleads that the "proposed Class consists of more than three thousand students . . . ." First Amended Complaint, ¶17. Thus, CAFA's requirement of at least 100 members "of all proposed plaintiff classes in the aggregate" is satisfied. 28 U.S.C. §1332(d)(5)(B).

## Diversity of Citizenship is Met

20.     CAFA requires only minimal diversity for class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). With minimal diversity under CAFA, "only one member of the plaintiff class – named or unnamed – must be diverse from any one defendant." *Home Depot U.S.A., Inc. v. Jackson*, 130 S. Ct. 1743, 1753-54 (2019) (citing 28 U.S.C. §§1332(d)(2), (d)(5)(B)).

21.     Plaintiff's First Amended Complaint alleges that Plaintiff is a "resident of Beaumont, Jefferson County, Texas; thus, Plaintiff Ronda Racca is a Texas citizen." First Amended Complaint, ¶1.

22.     In determining diversity for CAFA purposes, an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose law it is organized." 28 U.S.C. §1332(d)(10). The First Amended Complaint alleges that Defendant Prospect Partners, LLC ("Prospect") is a "foreign" "partnership . . . or other entity maintaining its principal office" in Chicago, Illinois. First Amended Complaint, ¶6. Prospect is a limited liability company organized under the laws of Delaware, with its principal place of business located in Chicago, Illinois. *See* Declaration of Michael McInerney, ¶3 ("McInerney Declaration"). Thus, given that Plaintiff is alleged to be a Texas citizen and that Prospect is a Delaware and Illinois citizen, CAFA's minimal diversity is met.

23.     In addition, even if minimal diversity was not presented between Plaintiff and Prospect, Defendant Michael McInerney ("McInerney") is a citizen of Illinois, and Defendant Louis Kenter ("Kenter") is a citizen of Florida. *See* McInerney Declaration, ¶4; Declaration of Louis Kenter, ¶3. Thus, given that Plaintiff is alleged to be a Texas citizen, and that McInerney and Kenter are citizens of Illinois and Florida, respectively, CAFA's minimal diversity is met.

## The Amount in Controversy Requirement is Satisfied

24.     Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. §1332(d)(6).

25.     A removing defendant is not required to provide evidence to support the amount in controversy in its Notice of Removal. All that is required is a "short and plain statement of the grounds for removal," including a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553, 554 (2014)). Thus, "a removing 'defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.'" *Id*. at 553.

26.     Here, Plaintiff seeks on behalf of the Proposed Class "disgorgement and return of funds collected," "full reimbursement for any and all tuition and costs to Plaintiff and the Proposed Class," and an order awarding Plaintiff and the Proposed Class "general, special, compensatory, nominal, treble, and/or punitive damages against Defendants." First Amended Complaint, ¶51(d) & Prayer for Relief, Claims of Proposed Class, ¶¶(h), (j). Named Plaintiff alone alleges that her tuition was $15,000 and that she spent at least $10,000 in school supplies and textbooks. *Id.* ¶1. She claims that the Proposed Class has at least 3,000 people in it. *Id*. ¶17. A reasonable estimate of the amount-in-controversy, for compensatory damages alone, is

$15,000 plus $10,000 ($25,000 total) multiplied by 3,000 purported Class Members = **$75,000,000.** Note that this figure uses Plaintiff's alleged tuition costs ($15,000) as a reasonable basis for the estimate, but that the chart included with the First Amended Complaint shows much higher tuition costs for most programs (First Amended Complaint, ¶28), making the amount-in-controversy likely even higher.

27.     Plaintiff also alleges intentional conduct and seeks "three times their [Plaintiff and the Proposed Class] amount of economic damages." First Amended Complaint, ¶¶41, 81. She further seeks exemplary and punitive damages. *Id.* ¶55. She also seeks court costs and attorney's fees under the DTPA. *Id.* ¶82. She also seeks an order awarding pre and post-judgment interest. *Id.* at Prayer for Relief, Claims of Proposed Class, ¶(i).

28.     In total, the damages and relief that Plaintiff seeks on behalf of the purported class easily exceeds CAFA's $5,000,000 threshold.

### The Local Controversy Exception

29.     Plaintiff's First Amended Complaint states that "removal jurisdiction under the so-called 'Class Action Fairness Act' ("CAFA") is improper because, *inter alia*, the local controversy exception under 28 U.S.C. § 1332(d)(4)(A) prohibits removal." First Amended Complaint, ¶12. Plaintiff merely pleading the local controversy exception does not prohibit removal, however.

30.     The Removing Defendants have met their burden of proving that the three requirements for CAFA jurisdiction are satisfied (at least 100 purported class members, minimal diversity, and at least $5,000,000 in controversy), and the Fifth Circuit has held that once those three CAFA requirements are satisfied, the party claiming the local controversy exception to CAFA jurisdiction bears the burden of proving the local controversy exception applies. *See*

*Abruckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F. 3d 335, 337-43 (5th Cir. 2016). Furthermore, because "the language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions," and because "Congress crafted CAFA to exclude only a narrow category of truly localized controversies," with the local controversy "uniquely affect[ing] a particular locality to the exclusion of all others," Plaintiff's burden is to prove that the local controversy exception applies "with reasonable certainty." *Arbuckle*, 810 F. 3d at 337-38 (citations omitted).

31.     Plaintiff has merely pled that the local controversy exception applies. She has not proven that it applies with reasonable certainty. This Notice of Removal is proper under CAFA.

* * *

32.     If any question arises as to the propriety of the removal of this civil action, the Removing Defendants respectfully request the opportunity to submit a brief and further evidence, as well as oral argument, in support of its position that this case was properly removed.

## CONCLUSION

33.     For the reasons set forth above, the Removing Defendants respectfully request that this civil action be, and is hereby, removed to this Court; that this Court assume jurisdiction of this action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated: April 7, 2022.

Respectfully submitted,

/s/*Joshua Baker (w/ permission of lead attorney)*
Joshua Baker
Texas Bar No. 24117370
Ollie A. ("Tres") Cleveland, III, *Lead Attorney*
(*pro hac vice* application forthcoming)
Brandt P. Hill

(*pro hac vice* application forthcoming)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000
Fax: (205) 254-1999
jbaker@maynardcooper.com
tcleveland@maynardcooper.com
bhill@maynardcooper.com

*Attorneys for Defendants Prospect Partners, LLC, Michael McInerney, and Louis Kenter*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, a copy of the above and foregoing Notice of Removal was filed with the United States District Court for the Eastern District of Texas, Beaumont Division, using the CM/ECF system, and was served via U.S. mail and email on the following counsel for the parties:

Mark Sparks
Timothy M. Ferguson
THE FERGUSON LAW FIRM, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77701
Phone: (409) 832-9700
Fax: (409) 832-9708
mark@thefergusonlawfirm.com
tferguson@thefergusonlawfirm.com

*Attorneys for Plaintiff*

Christopher A. Bailey
Julliana Reyes
BAILEY REYES, PLLC
2125 Calder Avenue
Beaumont, Texas 77701
Phone: (409) 239-0123
Fax: (409) 895-2363
chris@baileyreyes.com
julie@baileyreyes.com

*Attorneys for Plaintiff*

Jason Jobe
THOMPSON COE
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Phone: 214-871-8297
Fax: 214-871-8209
jjobe@thompsoncoe.com

*Attorney for Defendants EFG General Partner Corp., Education Futures Management, Company, Education Futures Group, LLC, and Computer Career Center, L.P. d/b/a Vista College*

Shannon D. Norris
NORRIS LAW FIRM, PLLC
735 Plaza Boulevard, Suite 200
Coppell, Texas 75019
Phone: (214) 396-3345
Fax: (214) 396-4777
sdnorris@norrisfirm.com

*Attorney for Defendant Jim Tolbert*