# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **RONDA RACCA, INDIVIDUALLY ON BEHALF OF ALL SIMILARLY SITUATED PERSONS,** | § § § § | |
| *Plaintiffs,* | § § | |
| *v.* | § § | |
| **EFG GENERAL PARTNER CORP., EDUCATION FUTURES MANAGEMENT, COMPANY, EDUCATION FUTURES GROUP, LLC, COMPUTER CAREER CENTER, L.P. D/B/A VISTA COLLEGE, PROSPECT PARTNERS, LLC, JIM TOLBERT, MICHAEL MCINERNEY, AND LOUIS KENTER,** | § § § § § § § § § § § | **Case No. 1:22-cv-00142-MAC** |
| *Defendants.* | § | |

---

## PLAINTIFF'S SECOND AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE MARCIA A. CRONE:

COMES NOW Plaintiff, **RONDA RACCA,** individually and on behalf of all similarly situated persons (as defined in the Class below), complaining of the Defendants **EFG GENERAL PARTNER CORP.** (hereinafter "EFG General")**, EDUCATION FUTURES GROUP, LLC** (hereinafter "EFG"), **EDUCATION FUTURES MANAGEMENT, COMPANY** (hereinafter "EFM")**, COMPUTER CAREER CENTER, L.P. D/B/A VISTA COLLEGE** (hereinafter "CCC")**, PROSPECT PARTNERS, LLC** (hereinafter "Prospect")**, JIM TOLBERT** (hereinafter "Tolbert")**, MICHAEL MCINERNEY** (hereinafter "McInerney")**, AND LOUIS KENTER** (hereinafter "Kenter") (all defendants when referred to collectively hereinafter are called

"Defendants"), and in support thereof would respectfully show unto this Honorable Court the following:

**PARTIES**

1.      Representative Plaintiff **RONDA RACCA** is a resident of Beaumont, Jefferson County, Texas; thus, Plaintiff **RONDA RACCA** is a Texas citizen.  At the time of closure, Plaintiff **RONDA RACCA** was an enrolled student in the cosmetology program at the Vista College located 3871 Stagg Drive, Suite 194, Beaumont, Texas 77701.  Plaintiff **RONDA RACCA** was five months away from graduation when her campus closed.  Plaintiff **RONDA RACCA**'s tuition was roughly $15,000 and took out student loans to aid paying said tuition.  Plaintiff **RONDA RACCA** paid *at least* $10,000 in school supplies and textbooks and drove roughly sixty (60) miles to class per day for five (5) days per week.  Defendants received payments from – or on behalf of – Plaintiff on the following dates: (1) 05/17/2021; (2) 05/27/2021; (3) 06/08/2021; (4) 06/09/2021; (5) 06/20/2021; (6); 06/29/2021; (7); 07/23/2021; (8) 07/25/2021; (9) 07/27/2021; (10) 09/17/2021; (11) 09/24/2021; and (12) 09/28/2021.

2.      Defendant **CCC** is a corporation organized and existing under the laws of Delaware with a principal place of business in Richardson, Texas. CCC is deemed a Texas citizen and essentially at home in Texas.  At all relevant times, **CCC** was a company that provided educational services throughout Texas. **CCC** may be served with citation by serving its registered agent, C T CORPORATION SYSTEM at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      Defendant **EFG** is a corporation organized and existing under the laws of Delaware with a principal place of business in Dallas, Texas.  EFG is deemed a Texas citizen and essentially at home in Texas.  At all relevant times, **EFG** was a company that provided educational services

throughout Texas. **EFG** may be served with citation at their principal place of business, 300 N Coit Road, Suite 1400, Richardson, Texas 75080-5459.

4.    Defendant **EFG General** is a corporation organized and existing under the laws of Delaware with a principal place of business in Dallas, Texas.  EFG General is deemed a Texas citizen and essentially at home in Texas.  At all relevant times, **EFG General** was a company that provided educational services throughout Texas. **EFG General** may be served with citation by serving its registered agent, C T CORPORATION SYSTEM at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.    Defendant **EFM** is a corporation organized and existing under the laws of Delaware with a principal place of business in Richardson, Texas.  EFM is deemed a Texas citizen and essentially at home in Texas.  At all relevant times, **EFM** was a company that provided educational services throughout Texas. **EFM** may be served with citation at their principal place of business, 300 N Coit Road, Suite 1400, Richardson, Texas 75080-5459.

6.    Defendant **PROSPECT** is a private equity firm that owns Defendants **EFG, EFG General EFM,** and **CCC**. Defendant **PROSPECT** operated, managed, and funded several campuses throughout the State of Texas, including Vista College located in Beaumont, Jefferson County, Texas.   Defendant **PROSPECT** is a foreign corporation, company, partnership, proprietorship, or other entity maintaining its principle office at 200 West Madison Street, Suite 2710, Chicago, IL 60606.  Defendant **PROSPECT** at all times material to this action, engaged in business in Texas, as more particularly described below. Defendant **PROSPECT** does not have a designated agent on whom service of citation may be made in this cause. The causes of action asserted arose from, or are connected with, purposeful acts committed by **PROSPECT** in Texas because **PROSPECT** conducted business in Texas.  Claims  arising  from  Defendant

**PROSPECT**'s business in Texas are the basis of Plaintiffs' cause of action. At all relevant times, **PROSPECT** is a private equity company that manages, operates, and funds companies throughout the United States with several in Texas. Accordingly, Defendant **PROSPECT** may be cited by serving the Secretary of State of Texas.

7.      Defendant **TOLBERT** is the Chief Executive Officer of Defendant **EFG, EFG General, EFM, and/or CCC**. Defendant **TOLBERT** is and was a Texas citizen at all material times and can be served with process through CCC's registered agent, C T CORPORATION SYSTEM at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.      Defendant **MCINERNEY** is the Vice President and Secretary of Defendant **EFG, EFG General, EFM, and/or CCC**. Defendant **MCINERNEY** can be served with process through CCC's registered agent, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.      Defendant **KENTER** is the Chairman of Defendant **EFG, EFG General, EFM, and/or CCC**. Defendant **KENTER** is also a Founder of Defendant **PROSPECT**.  Defendant **KENTER** can be served with process through CCC's registered agent, C T CORPORATION SYSTEM at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## DISCOVERY CONTROL PLAN

10.      For purposes of Rule 190.4, Plaintiffs allege that this matter is intended to be conducted under Discovery Level 3 in accordance with Texas Rules of Civil Procedure 190.4.

## VENUE & JURISDICTION

11.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Although the Plaintiffs realize any ultimate recovery is up to the jury and this Honorable Court, recent "tort reform" forces

Plaintiffs—before any discovery is done and at the outset of trial—to specifically and publicly identify a range of damages, or else Plaintiffs are denied various rights including the right to proceed with this case and conduct discovery. Accordingly, and pursuant to that requirement, Plaintiffs plead they are seeking monetary relief over $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

12. There is a lack of diversity among the parties since Plaintiffs and Defendants **TOLBERT, EFG, EFG General EFM,** and **CCC** are citizens of the State of Texas. As such, removal of this action to federal court is *per se* improper. Moreover, this is a putative class action in which—(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed (Texas); (II) at least one defendant (specifically, TOLBERT, EFG, EFG General , EFM, and/or CCC) is a defendant—(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed (Texas). Accordingly, removal jurisdiction under the so-called "Class Action Fairness Act" ("CAFA") is improper because, *inter alia*, the local controversy exception under 28 U.S.C. § 1332(d)(4)(A) prohibits removal. Of course, Plaintiff contends none of CAFA's requirements are met so the exception is not even required, but nonetheless plead CAFA's local controversy exception bars removal. Defendants TOLBERT, EFG, EFG General, EFM, and/or CCC are essentially at home in the State of Texas. The assertion of Texas court jurisdiction over these Defendants does not offend the notion of fair play and substantial justice, and Defendants maintained systematic and continuous contacts with the State

of Texas, entered into contracts / entered into transactions for business and/or property in the State of Texas, owned assets and/or property in the State of Texas, purposefully directed their activities here in Texas, purposefully availed themselves of the laws of the State of Texas, and Texas courts may properly assert both specific and general jurisdiction over all Defendants.

13.     Venue is proper in Jefferson County, Texas, pursuant to Section 15.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE in that the cause of action accrued in Jefferson County, Texas. Venue is proper in Jefferson County, Texas, because the incident giving rise to this suit occurred in Jefferson County, Texas. At all times relevant to this case, Defendants had an agent or transacted business in the State of Texas, including Jefferson County, Texas. This Court has personal jurisdiction over Defendants because at all relevant times, they conducted (and continue to conduct) business in Jefferson County, Texas.  The cause of action asserted arose from or is substantially connected with purposeful acts committed by the Defendants in Texas because Defendants executed their contracts and conducted business within the State of Texas. The Defendants' negligence while conducting their business within the State of Texas is the basis of the Representative Plaintiff's cause of action.

## **DEFINITION OF CLASS**

14.     The Proposed Class Members (hereinafter referred to as the "Class" and/or "Class Members") include a class of "Students" who agreed to pay money – out of pocket or through loans – to Defendants in return for an education who were denied their education due to campus closure.  This class is further defined as follows:

> **All students of any Vista College located in Texas who were enrolled at the time Vista College closed on or about October 8, 2021.**

15.      Exclusions from the Class: The following persons and entities are expressly excluded from the Class (1) Defendants, their affiliates, subsidiaries, agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney; (2) persons or entities who make a timely election to be excluded from either proposed class; (3) governmental entities; and (4) the Court to which this case is assigned, the judicial officer(s) who preside over this Court, and all personnel of the Court.

## CLASS ACTION ALLEGATIONS

16.      Pursuant to TEX. R. CIV. P. 42, Plaintiff brings this action as a class action on behalf of herself and all members of the Class of similarly situated persons. Included in the class are students who suffered monetary and non-monetary damages as a result of abrupt, unexcused campus closures that occurred on, or about, October 8, 2021. Certification is appropriate under TEX. R. CIV. P. 42.

17.      42(a)(1) - On information and belief, the proposed Class consists of more than three thousand students who attended Vista Colleges in the State of Texas, the joinder of which in one action is impracticable. The precise number and identities of the Class Members are currently unknown to Plaintiff but can be easily derived through discovery and/or Defendants' rosters.

18.      42(a)(2) - Defendants violated the rights and interests of each Class Member in the same manner- to wit, Defendants' employees, agents and servants breached enrollment agreements, failed to properly manage campuses, failed to reasonably maintain and utilize adequate finances, failed to provide their end of the bargain, made misrepresentations to lure student enrollment, made misrepresentations to maintain enrollment, failed to properly teach out their students, committed negligent undertaking, violated the Texas Deceptive Trade Practices-

Consumer Protection Act ("DTPA"), misused funds, and committed other acts and/or omissions among many other uniform wrongful actions described below.

19.    Common questions of law and fact predominate over any questions affecting individual Class Members including:

- whether Defendants' wrongful actions described below constitute (1) negligence; (2) gross negligence; (3) negligent misrepresentations; (4) breach of contract; (5) negligent undertaking; and (6) violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA");

- whether Defendants' wrongful actions described below directly or proximately caused Plaintiffs and Class Members to suffer damages; and

- whether Plaintiffs and Class Members are entitled to recover actual damages, consequential damages, punitive damages, treble damages, pre-and post- judgment interest, attorneys' fees, litigation expenses, and court costs, and if so, the amount of the recovery.

20.    42(a)(3) – Plaintiff's claims are typical of Class Members' claims because Plaintiff and Class Members are all victims of Defendants' wrongful actions described below.

21.    42(a)(4) - Plaintiff and her counsel will fairly and adequately represent the interests of Class Members. Plaintiff has no interests antagonistic to, or in conflict with, those of any of the Class Members. Plaintiff's counsel is experienced in leading and prosecuting class actions and complex litigation. A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and Class Members' claims.

22.    42(b)(1) - Plaintiff and Class Members have been harmed as a direct and proximate result of Defendants' wrongful actions described below. The above-described common questions of law or fact predominate over any questions affecting individual Class Members and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and Parties, (ii) it will be virtually

impossible for all Class Members to intervene as parties-plaintiff in this action, (iii) it will allow numerous persons with claims too small to adjudicate on an individual basis because of prohibitive litigation costs to obtain redress for their injuries, and (iv) it will provide court oversight of the claims process once Defendants' liability is adjudicated.

23.    As set forth herein, Plaintiff has met the prerequisites of Rule 42 and believe that a class action is maintainable in accordance therewith.

## NATURE OF THE CASE

24.    The Representative Plaintiff brings this class action on behalf of herself, and all similarly situated persons who were enrolled at Texas-based Vista College when the campuses abruptly closed on or about October 8, 2021.  The gravamen of the complaint is that Defendants induced student enrollment, lied or misrepresented material facts to their students, failed to provide educational services despite contractual obligations, and failed to provide tuition refunds per their contracts.  Moreover, Defendants Prospect Partners, LLC, McInerney, and Kenter failed to properly manage, finance, advise, consult, and/or capitalize Vista College campuses, including Plaintiff Racca's campus in Beaumont, Texas.

25.    The Representative Plaintiff, on behalf of herself and the Class members, seeks damages for failing to receive the benefit of the bargain with respect to the contracts in place.

26.    The Representative Plaintiff, on behalf of herself and the Class members, wishes to protect his individual claims and cause of action in the alternative to the class action complaint to adhere to the statute of limitations.

## BACKGROUND

**A.  *What is Vista College?***

27.    Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC own and operate seven (7) Vista College 'ground campuses' with one (1) in Fort Smith, Arkansas, one (1) in Las Cruces, New Mexico, and five (5) in Texas: Beaumont, El Paso, College Station, Killeen, and Longview.  This putative class action is *only* sought for Texas citizens involving the Texas-based Vista College campuses.

28.    According to Vista College's 2021 catalog, Vista College's mission is "*to provide high quality, specialized career preparation or enhancement. Vista College recognizes this is an era of accelerated changes and accepts the responsibility to aid its students in preparation for these changes by providing quality education and career guidance relative to the demands of an evolving workplace.*"  Vista College provided students with dozens of diplomas, license, certificates, and/or degree programs throughout their campuses. The courses, tuition, and fees vary depending on the campus, course title, number of hours, term, and other factors.  The following tables illustrate various courses, tuitions rates, and expenses:

| Programs | Credential / Weeks | Credit Hours | Tuition | Textbook | Toolkit* | Registration Fee | Total Tuition |
|---|---|---|---|---|---|---|---|
| Business Administration (Traditional) | Associate / 75 | 105 | $39,242 | $350 | N/A | $100 | $39,692 |
| Business Administration (Distance Education) | Associate / 75 | 105 | $39,242 | $350 | N/A | $100 | $39,692 |
| Criminal Justice | Associate / 70 | 115 | $39,340 | $350 | N/A | $100 | $39,790 |
| Construction Management | Associate / 70 | 105 | $38,683 | $350 | $600 | $100 | $39,733 |
| Information Technology (IT) (Traditional) | Associate / 70 | 98 | $37,917 | $325 | $500 | $100 | $38,842 |
| Information Technology (IT) (Distance Education) | Associate / 70 | 98 | $37,917 | $325 | $500 | $100 | $38,842 |
| Medical Assisting (Traditional) | Associate / 75 | 105 | $39,350 | $350 | N/A | $100 | $39,800 |
| Medical Assisting (Distance Educaiton) | Associate / 75 | 105 | $39,350 | $350 | N/A | $100 | $39,800 |
| Medical Insurance Billing & Coding (MIBC) (Traditional) | Associate / 80 | 111 | $41,975 | $350 | N/A | $100 | $42,425 |
| Medical Insurance Billing & Coding (MIBC) (Distance Educaiton) | Associate / 80 | 111 | $41,975 | $350 | N/A | $100 | $42,425 |
| Medical Laboratory Technician | Associate / 75 | 114 | $41,875 | $325 | N/A | $100 | $42,300 |
| Paralegal | Associate / 70 | 98 | $39,250 | $350 | N/A | $100 | $39,700 |
| Trades Management – Heating, Ventilation, & Air Conditioning (HVAC) | Associate / 80 | 118 | $40,250 | $350 | N/A | $100 | $40,700 |
| Business Administration (Traditional) | Diploma / 40 | 52 | $22,200 | $200 | N/A | $100 | $22,500 |
| Business Administration (Distance Education) | Diploma / 40 | 52 | $22,200 | $200 | N/A | $100 | $22,500 |
| Construction Technology | Diploma / 40 | 52 | $20,250 | $200 | $600 | $100 | $21,150 |
| Dental Assistant | Diploma / 45 | 57 | $22,500 | $200 | N/A | $100 | $22,800 |
| Electrical Technician | Diploma / 50 | 65 | $21,500 | $250 | $773 | $100 | $22,623 |
| Heating, Ventilation, & Air Conditioning (HVAC) | Diploma / 50 | 65 | $23,000 | $250 | $750 | $100 | $24,100 |
| Information Technology (IT) (Traditional) | Diploma / 40 | 52 | $20,500 | $175 | $500 | $100 | $21,275 |
| Information Technology (IT) (Distance Education) | Diploma / 40 | 52 | $20,500 | $175 | $500 | $100 | $21,275 |
| Medical Administrative Assistant (Distance Education) | Diploma / 40 | 52 | $16,225 | $175 | N/A | $100 | $16,500 |
| Medical Assisting (Traditional) | Diploma / 45 | 58 | $25,200 | $200 | N/A | $100 | $25,500 |
| Medical Assisting (Distance Education) | Diploma / 45 | 58 | $25,200 | $200 | N/A | $100 | $25,500 |
| Medical Assisting for Spanish Speakers (Traditional) | Diploma / 45 | 76 | $25,200 | $200 | N/A | $100 | $25,500 |
| Medical Assisting for Spanish Speakers (Hybrid) | Diploma / 45 | 76 | $25,200 | $200 | N/A | $100 | $25,500 |
| Medical Insurance Billing & Coding (MIBC) (Traditional) | Diploma / 50 | 65 | $24,200 | $200 | N/A | $100 | $24,500 |
| Medical Insurance Billing & Coding (MIBC) (Distance Education) | Diploma / 50 | 65 | $24,200 | $200 | N/A | $100 | $24,500 |
| Pharmacy Technician (Traditional) | Diploma / 50 | 60 | $14,250 | $150 | N/A | $100 | $14,500 |
| Pharmacy Technician (Hybrid) | Diploma / 50 | 60 | $14,250 | $150 | N/A | $100 | $14,500 |
| Vocational Nurse (D) | Diploma / 60 | 73 | $31,000 | $400 | N/A | $100 | $31,500 |
| Vocational Nurse (E) | Diploma / 75 | 73 | $31,000 | $400 | N/A | $100 | $31,500 |

| Clock Hour Programs | Credential / Weeks | Clock Hours | Tuition | Textbook | Toolkit* | Registration Fee | Total Tuition |
|---|---|---|---|---|---|---|---|
| Cosmetology | Certificate / 40 | 1,000 | $12,900 | $750 | $1,250 | $100 | $15,000 |
| Cosmetology (teachout) | Certificate / 44 (D) and 60 (E) | 1,500 | $19,000 | $750 | $1,250 | $100 | $21,100 |

| Non-Title IV Programs | Credential / Weeks | Credit Hours | Tuition | Textbook | Toolkit* | Registration Fee | Total Tuition |
|---|---|---|---|---|---|---|---|
| Nurse Aide Training | Certificate / 5 | 4 | $750 | N/A | N/A | N/A | $750 |
| Phlebotomy for Healthcare Professionals Seminar | Certificate / 2.5 | 3 | $500 | N/A | N/A | N/A | $500 |

[1]

29.    Defendant Tolbert was the Chief Executive Officer of Vista College at the time of closure.  Upon reason and belief, Defendant Tolbert communicated with the students – both personally and/or in the Student Catalog:

---

[1] This chart is from Vista College's 2021 Texas Student Catalog.

### Welcome from the Chief Executive Officer

*Vista College has just completed its fourteenth year of operation, and it gives me a chance to reflect on our success. Success doesn't just happen. Success is the result of a plan that is made and followed. Unfortunately, too many students have been led to believe that all they need for a successful and happy future is a diploma. This belief has resulted in disappointment for hundreds of capable graduates. Today it is important that every person be self-reliant. Our personal and national economies demand it. How then should people plan to assure themselves the greatest possibilities for happy and successful futures? There are three simple but vitally related factors that are essential but too frequently ignored: interest, demand and potential growth.*

*The most important item to remember in planning your future is that you must start with your interests. If you are interested in something, you will enjoy learning about it today and doing it tomorrow. Once you've spent your time and money on education, it is important there be a demand for the services in which you were trained. Finally, explore the growth potential in the field you select and be sure the field will meet your expectations. Ambitious men and women properly trained do not want to stagnate; they want to progress and grow.*

*The entire structure of our busy world depends largely upon properly trained medical, trades and office personnel for successful operation. By recognizing the need to continue your education, you have taken the first step in becoming a marketable individual. You have recognized the need to possess certain necessary skills if you are to compete in the rapidly changing job market. Business and industry thrives because of motivated people like you who want to contribute to the growth of our nation.*

*Vista College provides students with the opportunity to learn traditional concepts in the areas of medicine, trades, and business. I personally challenge you to be the best that you can be. Not only while attending Vista College, but also when you enter the job market as a graduate.*

*At Vista College, students are in a unique community. Our philosophy is that each student is an integral part in the success of our school. Every student has individual needs and wants. We will treat you with the respect and dignity you deserve. Our goal is to make every student proud to be a part of Vista College. Our rewards will come from your accomplishments and success obtained from your education. We want to be your educational family. Remember, you are the school!*

*If you consider yourself a motivated individual who sees the world as exciting and challenging, I invite you to explore this catalog and consider Vista College as your means to become an integral part of our ever-changing and competitive world.*

ALL INFORMATION CONTAINED IN THIS STUDENT CATALOG IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

*Jim Tolbert*

**Jim Tolbert**
**Chief Executive Officer**

2

Tolbert made additional representations (indirectly or directly) to the students, through direct or school communications, about students graduating and receiving the services for which Plaintiff and others paid but did not receive. Upon information and belief, the above communication was drafted, ratified, approved, and published to Plaintiff and others (or caused to be so published) by Defendants Prospect Partners, LLC, Kenter, and McInerney.

30.    Defendants KENTER and MCINERNEY are listed in the Texas Vista College Catalog as Board of Directors and Corporate Officers:

---

[2] (emphasis added). *Id.*

**COLLEGE GOVERNANCE**

Vista College and its subsidiaries are owned by Education Futures Management, Co.

**BOARD OF DIRECTORS**

Mr. Jim Tolbert
Chief Executive Officer

Mr. Louis Kenter
Chairman

Mr. Michael P. McInerney
Vice President and Secretary

**CORPORATE OFFICERS**

| | |
|---|---|
| Mr. Louis Kenter<br>Chairman | Mr. Jim Tolbert<br>Chief Executive Officer |
| Mr. Timothy Armstrong<br>Vice President of Operations | Mr. Michael P. McInerney<br>Vice President and Secretary |
| Andrew Gray<br>Chief Financial Officer and Assistant Secretary | |

Thus, Defendants KENTER and MCINERNEY were directly – and individually – involved with both Prospect Partners and the school entities.

### b. The Closure of Vista College

31.      In August 2021, Defendants announced its plans to stop enrollment of new students – the decision to transition to 'online only' was made, in part, because of inadequate finances, student population decline, changing regulations, and mismanagement.   As a result of this 'fundamental shift', Defendants' executives perpetrated an email message to its students that – in part – provided: "*We will continue to offer the courses you need to graduate from your programs, including students who started their programs in August 2021… Most students in good academic standing who are currently active at the campuses will have the opportunity to complete their programs and should not experience significant changes to their educational experience. You will continue to receive quality academic programs academic, financial aid, student services and career placement support*."   Upon information and belief, all Defendants—including Defendants Tolbert and Prospect Partners—approved and/or participated in the decision to stop enrollment and publish the above communications.

32.    Also, in August 2021, Defendant Tolbert held a Zoom meeting with faculty members at each campus.  In said meeting, Defendant Tolbert informed the majority of faculty members that they were furloughed effective immediately.  Despite knowing their schools were in clear and present danger of ceasing operation, Defendant Tolbert doubled down on College Station's local news station, KBTX, by stating, "the reason we did that [suspended in-person enrollment for ground campuses] is to make sure we had all the financial resources at our disposal to make sure the students currently enrolled in school get exactly what the paid for."[3]  That, of course, did not happen as Defendants shut down all campuses and programs without notice to students on October 8, 2021.  Tolbert had made yet another promise to the students that he and Defendants failed to keep. Upon information and belief, the above communication was drafted, ratified, and approved by Defendants Prospect Partners, LLC, Kenter, and McInerney.

33.    Class Members, including Plaintiff Racca, received the below message:

## Vista College Closure

Vista College Students,

Vista College has made the difficult decision to cease all operations effective with the close of Business on October 8th 2021. Although we are in compliance with both accreditation and state/federal regulations we are unable to continue due to financial circumstances.

We apologize for the sudden notice but due to unforeseen events we could not continue with the new term on Oct 11th nor continue the current nursing term.

We realize the challenges this causes for students and we have been working to identify potential transfer colleges and schools to complete your degrees. Please monitor the Vista College Website, www.vistacollege.edu, as we will be posting important information to the website.

---

[3] *See* https://www.kbtx.com/2021/08/10/vista-college-suspends-in-person-enrollment-furloughs-employees-across-texas/.

Upon information and belief, the above communication was drafted, ratified, approved, and published or caused to be published by all Defendants, including but not limited to Prospect Partners, LLC, Kenter, and McInerney.

34.     Defendants' decision to abruptly close their campuses down betrayed thousands of students and teachers.  Students were stripped of their opportunity to complete their programs.  These students paid thousands of dollars towards their programs and/or took out student loans and remain in debt.  Thus, many of these students still owe money to their loan servicer(s) despite losing the opportunity to obtain their degree, certificate, and/or diploma.  Teachers unexpectedly lost their employment.  Campus closures were caused by Defendants' failure to properly operate, manage, finance, and/or maintain proper accreditation and compliance with the relevant governmental entities, and was a proximate cause of Plaintiff's damages.  Furthermore, campus closures were caused by Defendants' inadequate capitalization, leadership, and financial mismanagement by Defendants including, but not limited to, Prospect Partners, LLC, Kenter, and McInerney.

35.     The *same week as campus closures*, The Federal Trade Commission placed Vista College, along with dozens of other for-profit schools, on their "List of October 2021 Recipients of the FTC's Notice of Penalty Offenses in the Higher Education Marketplace."  The Commission stated in a press release, "The Federal Trade Commission put 70 for-profit higher education institutions on notice that the agency is cracking down on any false promises they make about their graduates' job and earnings prospects and other outcomes and will hit violators with significant financial penalties."[4]  The FTC Chair stated in said press release, ""For too long, unscrupulous for-profit schools have preyed on students with impunity, facing no penalties when they defraud

---

[4] *See* https://www.ftc.gov/news-events/press-releases/2021/10/ftc-targets-false-claims-profit-colleges.

their students and drive them into debt," said FTC Chair Lina M. Khan. "The FTC is resurrecting a dormant authority to deter wrongdoing and hold accountable bad actors who abuse students and taxpayers."""[5]

## BRIEF SUMMARY OF THE CLAIMS AND REMEDIES SOUGHT

36.     Defendants' denial and refusal to remain open long enough for Plaintiff and the Proposed Class to complete their program and/or course constitutes a breach of contract because Defendants, through the contract with Plaintiff and the Proposed Class, were contractually obligated to provide what was paid for.

37.     Defendants' denial and refusal to (1) remain open long enough for Plaintiff and the Proposed Class to complete their program and/or course, and (2) refund Plaintiff and the Proposed Class' tuition costs constitute a breach of contract because Defendants, through the contract with Plaintiff and the Proposed Class, were contractually obligated to provide what was paid for. Defendants failed to honor and breached its contractual obligations to Plaintiff and the Proposed Class, resulting in harm and damages to Plaintiff and the Proposed Class.

38.     In refusing to (1) remain open long enough for Plaintiff and the Proposed Class to complete their program and/or course, and (2) refund Plaintiff and the Proposed Class's tuition costs, Defendants breached the covenant of good faith and fair dealing and acted in bad faith towards Plaintiff and the Proposed Class.  Defendants' conduct demonstrates that their denial of tuition refund was prompted not by honest mistake, bad judgment or negligence, but rather by conscious and deliberate conduct which unfairly frustrated the agreed common purposes and disappointed the reasonable expectations of consumers/students such as Plaintiff and the Proposed Class thereby depriving Plaintiff and the Proposed Class of the benefits of their course and/or

---

[5] *Id.*

program they purchased in reliance on Defendants' representations, advertisements, and marketing.

39.     As shown, Defendants negligently lead Plaintiff and the Proposed Class to believe they would be able to complete their programs and receive their diplomas, degrees and/or certificate before closure.  Moreover, Defendants negligently lead Plaintiff and the Proposed Class to believe *if* the campus closed down, Defendants would reimburse Plaintiff and the Proposed Class for all costs.  Plaintiff and the Proposed Class relied on those representations and continued to pay their tuition and other educational costs.  Defendants then closed down all campuses, denying Plaintiff and the Proposed Class their opportunity to complete their course and/or program.  Plaintiff and the Proposed Class were injured as a result of Defendants' behavior.

40.     Through written materials and oral communications, Defendants represented (1) Vista College would continue to offer Plaintiff and the Proposed Class the courses needed to graduate; (2) Plaintiff and the Proposed Class would not experience significant changes to their educational experience; (3) Plaintiff and the Proposed Class would be able to complete their programs before campus closures and/or graduate; (4) Plaintiff and the Proposed Class would obtain employment as a result of course and/or program completion; (5) in the event of an early campus closure, Defendants would reimburse Plaintiff and the Proposed Class their tuition and costs; (6) guaranteed or promised jobs and/or job placement that never occurred and/or (7) guaranteed or promised salary levels or ranges that never materialized; (8) failed and/or refused to make credits transferrable and/or otherwise ensure that those courses completed or near completion could be adequately transferred or completed at other equivalent institutions with a accreditation; and (9) other acts and/or omissions to be stated after discovery or at the time of trial. Upon information and belief, the above communication was drafted, ratified, approved, and

published or caused to be published by Defendants Prospect Partners, LLC, Kenter, and McInerney. Defendants' misrepresentations were made in the course of Defendants' business and were made with a purpose to affect the financial decisions of Plaintiff and the Proposed Class (all of whom are "consumers" under DTPA and other Texas law). Defendants' misrepresentations were objectively material to Plaintiff, and the Proposed Class, and the reasonable consumer. Defendants failed to exercise reasonable care in communicating these misrepresentations and Plaintiff and the Proposed Class were damaged as a proximate cause thereof. Importantly, Defendants benefitted monetarily as a result of these misrepresentations.

41.    A fiduciary duty, created by law and/or contract, existed between Plaintiff and the Proposed Class and Defendants EFG, EFG General, EFM, and/or CCC  at the time of campus closures. These Defendants breached their fiduciary duty by their actions set forth herein and Plaintiff and the Proposed Class were injured as a result. Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC benefitted from their breach by collecting the tuition of Plaintiff and the Proposed Class, then refusing to pay it back, and closing down all campuses to save overhead expenses.

42.    Defendants committed several violations under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). At all material times, Plaintiff and the Proposed Class constitute "consumers" as defined in TEX. BUS. & COM. CODE §17.46(A)(4). Defendants knowingly and intentionally committed these DTPA violations. As a result of Defendants' noncompliance with the DTPA, Plaintiff and the Proposed Class are entitled to economic damages, which include the amount of the benefits wrongly withheld. For knowing conduct violations, Plaintiff and the Proposed Class ask for three times their economic damages. For intentional conduct violations, Plaintiff and the Proposed Class are entitled to their economic damages, and

Plaintiffs ask for three times their amount of economic damages.  Plaintiff and the Proposed Class

are also entitled to court costs and attorney's fees.  TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

43.      As a result of the conduct set forth herein, Defendants have been, and will continue

to be unjustly enriched at the expense of Plaintiff and the Proposed Class.

## FIRST GROUP OF CAUSES OF ACTION
**(Breach of Contract including the Breach of Expressed Terms and the Implied Terms –
Breach of the Covenant of Good Faith and Fair Dealing)**

44.      Paragraphs 1 through 43 are incorporated by reference.

45.      Contracts existed between Plaintiff and the Proposed Class and Defendants.

Plaintiff and the Proposed Class entered into agreements with Vista College for various programs

and/or courses.

46.      On May 13, 2021, Plaintiff Racca signed a contract with "Vista College".  Vista

College is defined in the College Catalog to include Defendants Education Futures Management,

Co., McInerney and Kenter:

> 30.    Defendants KENTER and MCINERNEY are listed in the Texas Vista College
> Catalog as Board of Directors and Corporate Officers:
>
> **COLLEGE GOVERNANCE**
> Vista College and its subsidiaries are owned by Education Futures Management, Co.
>
> **BOARD OF DIRECTORS**
> Mr. Jim Tolbert
> Chief Executive Officer
>
> Mr. Louis Kenter
> Chairman
>
> Mr. Michael P. McInerney
> Vice President and Secretary
>
> **CORPORATE OFFICERS**
> Mr. Louis Kenter                          Mr. Jim Tolbert
> Chairman                                  Chief Executive Officer
>
> Mr. Timothy Armstrong                     Mr. Michael P. McInerney
> Vice President of Operations              Vice President and Secretary
>
> Andrew Gray
> Chief Financial Officer and Assistant Secretary

47.      Under each contract, Plaintiff and the Proposed Class were required to pay the

amount of each program and/or course referenced in each contract.  Plaintiff and the Proposed

Class's contracts were in full force and effect at the time Defendants closed down their campuses.

48.     All conditions precedent to Defendants' obligation were satisfied.

49.     Defendants breached the terms of their contracts with Plaintiff and the Proposed Class by failing to provide them with the promised products and services as contracted. Moreover, Defendants' failure to provide adequate refunds constitute as a breach.

50.     Plaintiff and the Proposed Class have sustained actual damages as the result of Defendants' breach of contract.

51.     As a result of Plaintiff Racca's contract, she periodically paid tuition, which were received – directly or indirectly – by all named Defendants, including Defendants Prospect Partners, LLC, Kenter, and McInerney.

52.     In misrepresenting through its representations that Vista College would remain open through Plaintiff and the Proposed Class's scheduled curriculum, and in abruptly closing down all of its' campuses without ensuring a smooth transition of credits or courses to other schools, Defendants breached and failed to honor its implied covenant of good faith and fair dealing under Texas law.

53.     The law implies a covenant of good faith and fair dealing in every contract. Defendants violated this covenant of good faith and fair dealing in its contract with Plaintiff and the Proposed Class by, *inter alia*, misrepresenting to Plaintiff and the Proposed Class that their campuses would remain open (at least) through the courses currently in progress. Despite these representations, Defendants closed down all campuses with no forewarnings.

54.     Defendants breached their duty of good faith and fair dealing and acted in bad faith in the following respects:

a. Representing through its advertising, marketing, and other representations that the campuses would not close down until (at the earliest) the completion of Plaintiff and the Proposed Class's curriculum.

b. Acting in such a manner as to damage Plaintiff and the Proposed Class and/or committing acts which unjustifiably denied Plaintiff and the Proposed Class the benefits to which they were entitled under the Contract.

c. Failing to provide full and complete training and/or education, as stated in the Contract.

d. Failing to provide full reimbursement(s) for any and all tuition and costs to Plaintiff and the Proposed Class after abruptly closing down all campuses.

e. Failing to provide adequate notice to Plaintiff and the Proposed Class that all campuses would be closed down.

f. Failing to attempt in good faith to compromise Plaintiff and the Proposed Class for their lost money and/or time towards their program(s).

g. Failing to ensure a smooth transition of Plaintiff's and the Proposed Class' credits or courses to other institutions.

55.    Defendants' bad-faith denial of Plaintiff and the Proposed Class's training and/or education was done as part of Defendants' business practices.  Defendants' wrongful conduct was authorized and ratified by its management and was done with disregard of Plaintiff and the Proposed Class's rights.  Such conduct was done to take advantage of the financially weaker or vulnerable position of Plaintiff and the Proposed Class and constitutes a pattern or practice of misconduct through trickery or deceit to deny Plaintiff and the Proposed Class the benefit of their training and/or education.

56.     Plaintiff and the Proposed Class performed all, or substantially all, of the significant duties required under their agreements with Defendants.

57.     Defendants did not provide and/or unfairly interfered with the rights of Plaintiff and the Proposed Class to receive the benefits under their agreements with Defendants.

58.     Defendants acted with oppression and malice, including with conscious and willful disregard of the rights of Plaintiff and the Proposed Class and to their harm and detriment. Plaintiff and the Proposed Class are accordingly entitled to recovery of exemplary and punitive damages.

## SECOND GROUP OF CAUSES OF ACTION
### (Negligent Misrepresentation and Ordinary Negligence)

59.     Paragraphs 1 through 58 are incorporated by reference.

60.     Through written materials and oral discussions, Defendants – including Defendant Tolbert – represented, in part, to Class Members the schools were remaining open long enough for Plaintiff and the Proposed Class to complete their program and/or course and there would be no significant change to their educational experience.  Defendants – including Defendant Tolbert – also represented to Class Members they would be eligible to transfer "up to 75% of the credits required to complete your degree", which is not true.  Moreover, Defendants – including Defendant Tolbert – represented inflated, misleading, and false placement rates for Class Members' programs.

61.     As stated herein, the following misrepresentations were made to Plaintiff and the Proposed Class:

    a.  Email to Class Members from August 2021: "*We will continue to offer the courses you need to graduate from your programs, including students who started their programs in August 2021… Most students in good academic standing who are currently active at the campuses will have the opportunity to complete their programs and should not experience significant changes to their*

*educational experience. You will continue to receive quality academic programs academic, financial aid, student services and career placement support.*"

b. August 2021 interview with College Station's local news station: "the reason we did that [suspended in-person enrollment for ground campuses] is to make sure we had all the financial resources at our disposal to make sure the students currently enrolled in school get exactly what the paid for."[6] Defendant Tolbert effectively tells Class Members they will 'get what they paid for' despite informing faculty members the majority of them were immediately furloughed just days before.

c. October 2021 closure statement:

## Vista College Closure

Vista College Students,

Vista College has made the difficult decision to cease all operations effective with the close of Business on October 8th 2021. Although we are in compliance with both accreditation and state/federal regulations we are unable to continue due to financial circumstances.

We apologize for the sudden notice but due to unforeseen events we could not continue with the new term on Oct 11th nor continue the current nursing term.

We realize the challenges this causes for students and we have been working to identify potential transfer colleges and schools to complete your degrees. Please monitor the Vista College Website, www.vistacollege.edu. as we will be posting important information to the website.

62.     Upon information and belief, the above communication was drafted, ratified, approved, and published or caused to be published by Defendants Prospect Partners, LLC, Kenter, and McInerney.

---

[6] *See* https://www.kbtx.com/2021/08/10/vista-college-suspends-in-person-enrollment-furloughs-employees-across-texas/.

63.     Defendants' misrepresentations – including Defendant Tolbert's – were made in the course of the Defendants' business.

64.     Defendants' misrepresentations – including Defendant Tolbert's – were supplied and/or conveyed for the purpose of affecting Plaintiff and the Proposed Class's financial decisions.

65.     Defendants – including Defendant Tolbert – failed to exercise reasonable care and/or diligence in communicating their misrepresentations.

66.     Defendants' – including Defendant Tolbert's – misrepresentations were objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

67.     Defendants – including Defendant Tolbert – intended that Plaintiff and the Proposed Class would rely on their misrepresentations.

68.     Plaintiff and the Proposed Class reasonably and justifiably relied to their detriment on Defendants' – including Defendant Tolbert's – misrepresentations.

69.     As a proximate result of Defendants' – including Defendant Tolbert's – negligent misrepresentations, Plaintiff and the Proposed Class were damaged in an amount to be proven at trial.

70.     Defendants directly benefitted from, and were unjustly enriched by, their misrepresentations.

71.     Plaintiff and the Proposed Class herein pleads a cause of action sounding in negligence over and/or against Defendants.  In this regard, Defendants were negligent in multiple and many ways, including but not limited to the following:

a)       In failing to exercise ordinary care;

b)       In failing to exercise reasonable care to avoid a foreseeable risk of injury and/or damage to others;

c)     In failing to exercise ordinary care to protect others from financial harm when the financial harm is under the Defendants' control;

d)     In failing to exercise ordinary care in not placing Plaintiff and the Proposed Class in financial harm's way;

e)     In failing to take timely and/or proper action as would have been made by a person of ordinary care under the same or similar circumstances;

f)     In failing to exercise ordinary care by not properly, or sufficiently, warning Plaintiff and the Proposed Class of the campus closure(s);

g)     In failing to exercise ordinary care by not properly, or sufficiently, warning Plaintiff and the Proposed Class of the possibility of campus closure(s);

h)     In failing to exercise ordinary care by not properly, or sufficiently, setting up adequate teach-out programs for Plaintiff and the Proposed Class;

i)     In failing to appropriately and adequately finance and/or fund the school and/or education program to prevent unnecessary, abrupt, and/or early closures prior to completion;

j)     In failing to appropriately and adequately finance and/or fund the school such that government or other oversight would not affect the ability to operate and/or provide the education promised and paid for;

k)     In failing to appropriately and adequately coordinate with local, state, and/or federal governments, agencies, and others to ensure the schools were opering within the appropriate local, state, and federal regulations, procedures, and industry standards, and would provide the education without interruption or abrupt cessation of activity;

l)     In violating local, state, or federal law and/ regulations, so as to make this defendant negligent *per se*; and

m)     In other acts of omission and/or commission, to be shown after an adequate time for discovery and/or at the time of trial.

n)     Defendants Prospect Partners, LLC, McInerney, and Kenter failed to properly manage, finance, advise, consult, manage, and/or capitalize Vista College campuses, including Plaintiff Racca's campus in Beaumont, Texas.

72.     The acts of negligence as set out above were a proximate cause of the injuries made the basis of this lawsuit.  Plaintiff and the Proposed Class reserves the right to amend these allegations as further facts, investigation and discovery may warrant.

### THIRD CAUSE OF ACTION
**(Breach of fiduciary duty)**

73.     Paragraphs 1 through 72 are incorporated by reference.

74.     At all times relevant to this case, a fiduciary relationship created by law and/or contract existed between Plaintiff (and the Proposed Class) and Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC.

75.     Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC breached their fiduciary duties to Plaintiff and the Proposed Class when they abruptly closed down their campuses with no warning to Plaintiff and the Proposed Class. The students were stripped of their opportunity to complete and/or continue their programs.

76.     The above breach resulted in injury to Plaintiff and the Proposed Class.  Plaintiff and the Proposed Class lost thousands of dollars, promised jobs, education, and their future.

77.     Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC benefitted from their breach by collecting the tuition paid for by Plaintiff and the Proposed Class, while failing to provide the paid-for product and cutting overhead by closing down all operations.

### FOURTH CAUSE OF ACTION
**(Violations of the Texas Deceptive Trade
Practices Consumer Protection Act ("DTPA"))**

78.     Paragraphs 1 through 77 are incorporated by reference.

79.     Defendants' conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").   TEX. BUS. & COM. CODE §17.41-17.63.   All violations of this chapter are made actionable by TEX. BUS. & COM. CODE §17.50(a)(1).

80.     Throughout Plaintiff Racca's enrollment at Vista College, she made several transactions—the majority of which were tuition payments that ultimately enriched all Defendants. Plaintiff Racca's ledger card reveals Defendants received the following payments made by – or on behalf of – Plaintiff Racca:

| Date | Check/Ref | Enrollment | Term | Campus | Code | Pmt Per/Ay Pmt Per Start/End Dates | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **Vista College - Beaumont Campus** | | | | | | | | | | |
| 6/8/2021 | Automation 6/8/2021/FA 54628 | RA21052888 : C - Cosmetolo | | BEAUMON | | PP1/Ay1 | Pell Grant 2021-22 | | 3,248.00 | (3,248.00) |
| 6/9/2021 | Automation 6/9/2021/FA 54646 | RA21052888 : C - Cosmetolo | | BEAUMON | | PP1/Ay1 | SEOG (18/17 and up) 2021-22 | | 100.00 | (3,348.00) |
| 6/29/2021 | Automation 6/29/2021/FA 54935 | RA21052888 : C - Cosmetolo | | BEAUMON | | | Direct Loan Subsidized Loan 2021-22 | | 1,732.00 | (5,080.00) |
| 6/29/2021 | Automation 6/29/2021/FA 54935 | RA21052888 : C - Cosmetolo | | BEAUMON | | | Direct Loan Unsubsidized Loan 2021-22 | | 2,969.00 | (8,049.00) |
| | | | | | | | **Totals:** | **$0.00** | **$8,049.00** | |
| **2021/05/24** | | | | | | | | | | |
| 5/17/2021 | AUTOCHG | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON REG | | | Registration Fee | 100.00 | | (7,949.00) |
| 5/27/2021 | | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON TEXTBOOK | | PP1/Ay1 | Textbook | 750.00 | | (7,199.00) |
| 5/27/2021 | | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON TOOLKIT | | PP1/Ay1 | Toolkit | 1,250.00 | | (5,949.00) |
| 5/27/2021 | | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON TUIT | | PP1/Ay1 | Tuition | 6,450.00 | | 501.00 |
| 6/9/2021 | ONLINE | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON | | | Payment on Account | | 50.00 | 451.00 |
| 6/20/2021 | EFT/TO Report 6.11-6.18 | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON | | | Student Payment 2021-22 | | 50.00 | 401.00 |
| 7/23/2021 | Automation 7/23/2021/FA 55331 | RA21052888 : C - Cosmetolo | P10A-2021052 | BEAUMON | | PP1/Ay1 | HEERF II Funds 2020-21 | | 1,200.00 | (799.00) |
| 7/25/2021 | EFT/TO Report 7/9-7/20 | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON | | | Student Payment 2021-22 | | 50.00 | (849.00) |
| 7/27/2021 | 2600004344 | RA21052888 : C - Cosmetolo | P10A-2021052 | BEAUMON | | PP1/Ay1 | Stipend - HEERF II 2020-21 | | (1,200.00) | 351.00 |
| 9/17/2021 | ONLINE | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON | | | Payment on Account | | 50.00 | 301.00 |
| 9/24/2021 | Automation 9/24/2021/FA 56111 | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON | | PP1/Ay1 | HEERF II Funds 2021-22 | | 1,000.00 | (699.00) |
| 9/28/2021 | 2600005626 | RA21052888 : C - Cosmetolo | CT-20210524 | BEAUMON | | PP1/Ay1 | Stipend - HEERF II 2021-22 | | (1,000.00) | 301.00 |
| | | | | | | | **2021/05/24 Totals:** | **$8,550.00** | **$200.00** | |
| | | | | | | | **Vista College - Beaumont Campus Totals:** | **$8,550.00** | **$8,249.00** | |

When those transactions were made, Defendants owed a duty to disclose information material to her continued enrollment. Moreover, the below DTPA violations were committed in connection with those transactions.

81.     At all material times, Plaintiff and the Proposed Class and others similarly situated in Texas, were "consumers" as defined in TEX. BUS. & COM. CODE §17.45(4).

82.     Defendants' failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiff

and the Proposed Class into a transaction into which Plaintiff and the Proposed Class would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(2).

83.    Defendants' misrepresentations and omissions, as described above, caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(7).

84.    Defendants' advertising goods or services with intent not to sell them as advertised, constitutes as a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(9).

85.    Defendants' misrepresentations that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, constitutes as a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(12).

86.    Defendants' failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiff and the Proposed Class into a transaction into which Plaintiff and the Proposed Class would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(24).

87.    As a result of Defendants' noncompliance with the DTPA, Plaintiff and the Proposed Class are entitled to economic damages, which include the amount of the benefits wrongly withheld.

88.    Plaintiff and the Proposed Class allege Defendants actions were a substantial factor in causing her injuries. With regard to Defendants Kenter, McInerny, and Prospect Partners, LLC, Plaintiff alleges the following actions were a substantial factor in the above-mentioned DTPA

violations: (1) withholding information material as to the viability of Vista College weeks before the closure; (2) approving, drafting, ratifying, and/or publishing or causing to be published misrepresentations; (3) cascading incomplete or inadequate messages (including, but not limited to, misstatements or misleading messages) to students, such as Plaintiff Racca, upon which she and others reasonably relied to remain enrolled and/or paying students to their detriment; and (4) failing to disclose pertinent information at, or near, the time of signing enrollment agreement(s).

89.    For knowing conduct violations, with regard to these breaches of duty, Plaintiff and the Proposed Class ask for three times their economic damages.

90.    For intentional conduct violations, with regard to these breaches of duty, Plaintiff and the Proposed Class are entitled to their economic damages, and Plaintiff and the Proposed Class ask for three times their amount of economic damages.  Plaintiff and the Proposed Class are also entitled to court costs and attorney's fees.  TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

## FIFTH GROUP OF CAUSES OF ACTION
### (*Quantum Meruit*, and Promissory Estoppel)

91.    Paragraphs 1 through 90 are incorporated by reference.

92.    Plaintiff and the Proposed Class provided valuable services and/or materials to Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC who accepted the services and/or materials.  Under the circumstances herein, Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC were notified that Plaintiff and the Proposed Class expected to be fully reimbursed and/or provided their programs and/or courses.

93.    Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC made multiple promises to Plaintiff and the Proposed Class described herein.

94.    Plaintiff and the Proposed Class reasonably and substantially relied on the promise(s) to their detriment.

95.    Plaintiff and the Proposed Class and the Proposed Class's reliance was foreseeable by Defendants.

96.    Injustice can be avoided only by enforcing promise(s) of EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC to Plaintiff and the Proposed Class.

97.    Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC directly benefitted from, and were unjustly enriched by, their misrepresentations.

98.    All the foregoing plead and stated in this petition constitute *quantum meruit* and promissory estoppel, for which claims are brought.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

99.    Paragraphs 1 through 98 are incorporated by reference.

100.    A party cannot induce, accept or encourage another to furnish or render something of value to such party and avoid payment for the value received.

101.    As a result of the conduct described above, Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC have been, and will continue to be, unjust enriched at the expense of Plaintiff and the Proposed Class.

102.    Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC have received, and are holding, funds belonging to Plaintiff and the Proposed Class which in equity Defendants EFG, EFG General, EFM, Prospect Partners, LLC, and/or CCC should not be permitted to keep but should be required to refund Plaintiff and the Proposed Class.

## DEMAND FOR TRIAL BY JURY

103.    Plaintiff and the Proposed Class hereby demand trial by jury on all claims for which the law provides a right to jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff and the Proposed Class herein, on behalf of themselves and those similarly situated, respectfully pray:

### *Claims of Proposed Class*

a. That the Court enter an order certifying this action as a Class Action in accordance with Rule 42;

b. That Defendants be cited to appear and answer herein;

c. For an order requiring Defendants to disclose to Plaintiff's counsel the name, address, telephone number, and school location of all persons potentially within this Class as described hereinabove;

d. For an order requiring Defendants, at Defendants' expense, to bear the expense of the preparation, mailing or other means of transmittal, and all administrative costs associated with the provision of notice (the substance of such notice to be approved by the Court) to potential members of the Class as described hereinabove;

e. For an order awarding all relief deemed appropriate and proper by the Court pursuant to Texas law, and any other applicable law;

f. For an injunction and order requiring Defendants to immediately cease and desist from destroying or deleting any student or other relevant information, or making further misrepresentations to Plaintiff and the proposed class;

g. For an order awarding Plaintiffs attorneys' fees and costs from Defendants;

h. For an order awarding Plaintiff and the Proposed Class general, special, compensatory, nominal, treble, and/or punitive damages against Defendants;

i. For an order awarding Plaintiff and the Proposed Class pre- and post-judgment interest;

j.  For an order providing such further relief, including if applicable injunctive relief, restitution, disgorgement and return of funds collected, and all such other and additional relief as this Court deems proper, at law or in equity, to which Plaintiffs or the proposed class may justly be entitled; and

k.  For money damages in an amount to be determined by a jury;

### *Individual Claims of Plaintiff*

a.  For general, special, and nominal damages according to proof at trial;

b.  For general, special, nominal, and compensatory damages including, but not limited to, out-of-pocket expenses, contractual damages, lost wages and/or profits, travel and/or school-enrollment expenses, mental and emotional distress in an amount according to proof, and all other damages available under Texas law;

c.  For punitive and/or treble damages to be awarded to Plaintiffs in an amount appropriate to punish and set an example of Defendants to deter further misconduct;

d.  For interest on the actual damages at the legal rate from October 12, 2021;

e.  For costs of suit and reasonable attorneys' fees as permitted by law; and

f.  For such other and further relief, including if applicable injunctive relief, restitution, return of tuition, and further relief as the Court may deem just and proper;

g.  For an order providing such further relief, including if applicable injunctive relief, restitution, disgorgement and return of funds collected, and all such other

and additional relief as this Court deems proper, at law or in equity, to which

Plaintiffs or the proposed class may justly be entitled; and

h.   For money damages in an amount to be determined by a jury.

[*SIGNATURE BLOCK ON NEXT PAGE*]

Respectfully submitted,


**THE FERGUSON LAW FIRM, LLP**


*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Timothy M. Ferguson
Texas Bar No. 24099479
tferguson@thefergusonlawfirm.com
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 Phone
(409) 832-9708 Fax

and:

**BAILEY REYES, PLLC**

Christopher A. Bailey
Texas Bar No. 24104549
chris@baileyreyes.com
Julliana Reyes
Texas Bar No. 24103899
julie@baileyreyes.com
2125 Calder Avenue
Beaumont, Texas 77701
(409) 239-0123 Phone
(409) 895-2363 Fax

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

This is to certify that the original foregoing instrument has been served on opposing counsel on this the 18th day of August 2022 pursuant to the Federal Rules of Civil Procedure.

*/s/ Mark C. Sparks*
Mark Sparks