| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| RONDA RACCA, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:22-CV-142 |
| § | |
| EFG GENERAL PARTNER CORP., § | |
| EDUCATION FUTURES MANAGEMENT, § | |
| COMPANY, EDUCATION FUTURES § | |
| GROUP, LLC, COMPUTER CAREER § | |
| CENTER, L.P. d/b/a Vista College, and JIM § | |
| TOLBERT, § | |
| § | |
| Defendants, § | |
| § | |
| JIM TOLBERT, § | |
| § | |
| Defendant/Third-Party Plaintiff, § | |
| § | |
| versus § | |
| § | |
| PROSPECT PARTNERS, LLC, § | |
| § | |
| Third-Party Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Ronda Racca's ("Racca") Opposed Renewed Motion to Remand (#72), wherein she contends that this court lacks subject matter jurisdiction over her claims against Defendants EFG General Partner Corp.; Education Futures Management, Company; Education Futures Group, LLC; Computer Career Center, L.P. d/b/a Vista College ("Vista"); and Jim Tolbert ("Tolbert") (collectively, "Defendants"). Racca argues that this court no longer has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715, and, therefore, the case should be remanded to state court

because her operative complaint deleted her prior class action allegations and abandoned her claims against diverse defendants, leaving only Texas citizens as parties. Defendants and Third-Party Defendant Prospect Partners, LLC ("Prospect") filed a response in opposition (#74). Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Racca's motion should be denied.

I.   Background

Vista formerly operated as a private, post-secondary educational institution, with its headquarters located in Richardson, Texas. The Richardson location was licensed to provide online education to students located in twenty-eight other states. Vista operated five Texas campuses that provided in-person education, located in Beaumont, College Station, Killeen, El Paso, and Longview. Vista also maintained campuses outside of Texas—in Las Cruces, New Mexico, and Fort Smith, Arkansas. In August 2021, Vista announced that it planned to stop enrolling new students at its in-person campuses but that it would continue enrolling students in its online programs. At that time, Vista promised its existing students in an email that "[w]e will continue to offer the courses you need to graduate from your programs." On October 8, 2021, however, Vista ceased all operations without prior notice to its students, citing "unforeseen events." Racca was a student at Vista's Beaumont campus at the time of the closure.

On October 12, 2021, Racca, individually and on behalf of similarly situated persons, filed this class action lawsuit in the 136th District Court of Jefferson County, Texas, against Defendants. Racca also asserted claims against Prospect, Michael McInerney ("McInerney"), and Louis Kenter ("Kenter") in her original class action petition. On April 7, 2021, Prospect, McInerney, and Kenter removed the action to this court. Racca then filed her original Opposed

Motion to Remand (#12), arguing that the case should be remanded to state court because the local controversy exception and the local single event exclusion to CAFA both required that the court decline to exercise jurisdiction. The court denied Racca's motion in a Memorandum and Order (#28) dated July 7, 2022, holding that Racca had failed to establish that either the local controversy exception or the local single event exclusion to CAFA jurisdiction applied in this case.

Subsequently, Racca filed a series of amended complaints. Importantly, her Third Amended Complaint (#60), filed on September 27, 2022, deleted all class action allegations and removed earlier language referencing "others who are similarly situated."[1] Racca's Fourth Amended Complaint (#66), filed on October 13, 2022, then omitted Prospect, McInerney, and

---

[1] Meanwhile, Racca's counsel filed seven additional lawsuits against Defendants in state courts throughout Texas, asserting similar claims arising from Vista's closure. Notably, the state court lawsuits did not name Prospect, McInerney, or Kenter as defendants, and the plaintiffs in the state court actions sued in their individual capacities, without asserting class allegations. On September 22, 2022, Tolbert removed one of these state court lawsuits—*Achane et al. v. EFG General Partner Corp., et al.*, a 68-plaintiff lawsuit originally filed on August 11, 2022, in the 136th District Court of Jefferson County, Texas—to this district and division, where it was assigned to United States District Judge Michael Truncale.

Kenter from the pleadings, leaving no diverse defendants.² On February 15, 2023, Racca filed the pending motion to remand.³

II.   Analysis

    A.   Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Badgerow v. Walters*, ___ U.S. ___, 142 S. Ct. 1310, 1316 (2022) (citing *Kokkonen*, 511 U.S. at 377); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022); *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 816 (5th Cir. 2021). "They possess only

---

² Racca is a citizen of Texas. Additionally, EFG General Partner Corp., Education Futures Management, Company, Education Futures Group, LLC, and Vista are all Delaware corporations with their principal places of business in Texas, according to their Answer to Plaintiff's Fourth Amended Complaint (#68). Tolbert is also a citizen of Texas, according to his Answer to Plaintiff's Fourth Amended Complaint (#67). Thus, Racca and the current Defendants are all citizens of Texas for the purposes of diversity jurisdiction.

    In contrast, the three defendants Racca omitted from her Fourth Amended Complaint are not Texas citizens. According to the Notice of Removal (#1), Kenter is a citizen of Florida, McInerney is a citizen of Illinois, and Prospect is a limited liability company ("LLC") organized under the laws of Delaware and with its principal place of business in Illinois. The court recognizes that, ordinarily, the citizenship of an unincorporated association, including an LLC like Prospect, is determined by the citizenship of all of its members. *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008))); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *Tewari De-Ox Sys. Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (noting that because the defendant "is a limited liability company, . . . its citizenship is determined by the citizenship of all of its members"). For the purposes of CAFA and 28 U.S.C. § 1453, however, "an unincorporated association [is] deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

³ On February 28, 2023, the court signed an Order (#73) granting Tolbert leave to file his Third-Party Complaint (#70) against Prospect. Prospect filed its Answer to Third-Party Complaint (#75) on March 2, 2023. On the same date, Prospect filed an Opposed Motion to Consolidate Cases (#76), in which it seeks to consolidate this case with the *Achane* action currently pending before Judge Truncale. Prospect's motion to consolidate remains pending before the court.

that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.) (citing *Kokkonen*, 511 U.S. at 377), *cert. denied*, 534 U.S. 993 (2001); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir.), *cert. denied sub nom. McMahon v. Hartzell*, 141 S. Ct. 363 (2020); *Settlement Funding, L.L.C.*, 851 F.3d at 537; *Clayton v. Conoco Phillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013), *cert. denied*, 571 U.S. 1156 (2014). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020); *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015); *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 138 (2019); *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *see* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional

5

basis for removal, but also necessary compliance with the requirements of the removal statute." *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp.-Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Esquivel v. LA Carrier*, 578 F. Supp. 3d 841, 843 (W.D. Tex. 2022); *Crossroads of Tex., L.L.C. v. Great-W. Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Williams*, 18 F.4th at 811.

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 333 (5th Cir. 2014), *cert. denied*, 574 U.S. 1122 (2015); *Barker*, 713 F.3d at 228. Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Settlement Funding, L.L.C.*, 851 F.3d at 536; *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212. In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000)); *accord Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212.

"Courts will, however, typically look beyond the face of the complaint to determine whether removal is proper." *Frank*, 128 F.3d at 922 (citing *Villarreal v. Brown Express, Inc.*,

529 F.2d 1219, 1221 (5th Cir. 1976)); *see Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955 (1992); *Rivera v. Orion Marine Grp. Inc.*, 509 F. Supp. 3d 926, 933 (S.D. Tex. 2020) (citing *Baccus v. Parrish*, 45 F.3d 958, 960-61 (5th Cir. 1995)). It is well-settled that the removability of an action cannot be defeated by artful or disguised pleading. *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

    B.    <u>The Class Action Fairness Act</u>

        1.    <u>General Considerations</u>

Enacted by Congress in 2005, CAFA greatly expands federal jurisdiction over interstate class action lawsuits. *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 341 (5th Cir.), *cert. denied*, 579 U.S. 930 (2016); *see Dart Cherokee Basin Operating Co., LLC v. Owens* ("*Dart*"), 574 U.S. 81, 87 (2014); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570-71 (5th Cir. 2011); *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 711 n.47 (5th Cir. 2008); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.* ("*Preston II*"), 485 F.3d 804, 810 (5th Cir. 2007). "Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, [Congress] firmly believes that such cases properly belong in federal court." S. REP. NO. 109-14, at 4 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 5. Accordingly, CAFA grants the federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.*, at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000.00; and (4) the primary defendants are not states, state officials, or other governmental entities. 28

U.S.C. § 1332(d)(2), (5); *see Arbuckle Mountain Ranch of Tex., Inc.*, 810 F.3d at 337; *In re Katrina Canal Litig. Breaches*, 524 F.3d at 706; *Evans v. Enter. Prods. Partners, LP*, 426 F. Supp. 3d 397, 401 (S.D. Tex. 2019). CAFA also facilitates removal of actions originally filed in state court by eliminating both the need for unanimous consent among all defendants and the one-year removal deadline. *See* 28 U.S.C. § 1453(b); *Preston II*, 485 F.3d at 810. "The basis for federal jurisdiction under CAFA is established at the time of removal, and 'once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot oust the federal court of jurisdiction.'" *Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 974-75 (W.D. Tex. 2008) (quoting *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006)); *see Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 427 (5th Cir. 2014); *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 639-40 (5th Cir. 2014).

"CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006); *see MD Haynes, Inc. v. Valero Mktg. & Supply Co.*, No. 2:17-CV-6, 2017 WL 1397744, at *2 (S.D. Tex. Apr. 19, 2017) ("Under CAFA, as with removal jurisdiction generally, a removing defendant has the burden of establishing that removal was proper." (citing *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009))); *Werner*, 415 F. Supp. 2d at 695. Once jurisdiction has been established preliminarily under CAFA, however, the objecting party bears the burden of proving by a preponderance of the evidence the applicability of any claimed jurisdictional exceptions. *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011); *Hollinger*, 654 F.3d at 571; *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.* ("*Preston I*"), 485 F.3d 793, 797 (5th Cir. 2007).

"This result is supported by the reality that plaintiffs are better positioned than defendants to carry this burden." *Frazier v. Pioneer Am.*, *L.L.C.*, 455 F.3d 542, 546 (5th Cir. 2006); *accord Preston II*, 485 F.3d at 813. Moreover, "longstanding § 1441(a) doctrine placing the burden on plaintiffs to show exceptions to jurisdiction buttresses the clear congressional intent to do the same with CAFA." *Frazier*, 455 F.3d at 546; *accord Preston II*, 485 F.3d at 813. "[T]he exception is intended to be narrow, with all doubts resolved in favor of exercising jurisdiction over the case." *Arbuckle Mountain Ranch of Tex., Inc.*, 810 F.3d at 337 (quoting *Opelousas Gen. Hosp. Auth.*, 655 F.3d at 360). "If the applicability of an exception is not shown with reasonable certainty, federal jurisdiction should be retained." *Id.* at 338.

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96-97 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Evans*, 426 F. Supp. 3d at 404 (quoting *Hollinger*, 654 F.3d at 570-71); *accord Preston II*, 485 F.3d at 817. "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)); *accord Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 n.1 (5th Cir. 2018); *Hollinger*, 654 F.3d at 571. The court may rely on the facts alleged in the complaint or request further evidence from either party when determining if a plaintiff has established the applicability of a CAFA jurisdictional exception. *See, e.g.*, *Arbuckle Mountain Ranch of Tex., Inc.*, 810 F.3d

at 341 (reviewing plaintiff's petition as a whole to determine class definition for CAFA jurisdiction at the time of removal); *Evans*, 426 F. Supp. 3d at 402-03 (holding that the court may consider evidence outside of the pleadings that is submitted by the parties to determine the applicability of CAFA's exceptions); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 463 F. Supp. 2d 583, 592-93 (E.D. La. 2006) (district court ordered the defendants to produce additional evidence regarding the citizenship of the putative class), *aff'd*, *Preston II*, 485 F.3d at 804. Indeed, when making CAFA jurisdictional determinations, Congress contemplated that "a federal court may have to engage in some fact-finding, not unlike what is necessitated by the existing jurisdictional statutes." S. REP. NO. 109-14, at 44; *accord Hollinger*, 654 F.3d at 570-71; *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 460 (D.N.J. 2007). Congress cautioned, however, that jurisdictional determinations "should be made largely on the basis of readily available information." S. REP. NO. 109-14, at 44; *accord Hollinger*, 654 F.3d at 570-71; *Evans*, 426 F. Supp. 3d at 404; *Stump v. Camp*, No. 13-6739, 2014 WL 582813, at *3 (E.D. La. Feb. 13, 2014).

### 2. The Effect of Post-Removal Amendments Omitting Class Action Allegations and Diverse Defendants

CAFA defines a "class action" as "any civil action *filed* under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). Thus, "federal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action *when filed*—not how it subsequently evolves." *Am. Nat'l Prop. & Cas. Co.*, 746 F.3d at 639 (emphasis added). The United States Court of Appeals for the Fifth Circuit has made clear that "the general rule regarding federal jurisdiction over a removed case controls [in cases removed under CAFA]: Jurisdictional facts are determined at the

time of removal, not by subsequent events." *Id.* at 635. Stated differently, "once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot oust the federal court of jurisdiction." *Brinston*, 538 F. Supp. 2d at 974-75 (quoting *Braud*, 445 F.3d at 808).

In this case, both Racca's Original Class-Action Petition (#4) and her First Amended Class-Action Petition (#5)—the operative pleading at the time of removal[4]—state that the case was filed pursuant to Texas Rule of Civil Procedure 42, which governs class actions filed in Texas state courts. *See* TEX. R. CIV. P. 42(a) (describing the "prerequisites to a class action"). Thus, Racca filed this case under a state rule of judicial procedure authorizing class actions, thereby meeting § 1332(d)(1)(B)'s definition of a class action. Furthermore, the court previously held in its Order denying Racca's initial remand motion that CAFA jurisdiction was proper in this case at the time of removal. As a result, applying *American National Property & Casualty Co.*'s rule that CAFA jurisdiction is determined at the time of removal, federal jurisdiction remains proper in this case.

Nevertheless, Racca relies on *Gale v. Chicago Title Insurance Co.* to argue that the court must disregard *American National Property & Casualty Co.* and look only to her Fourth Amended Complaint to determine subject matter jurisdiction. No. 3:06-CV-1619 (RNC), 2017 WL 4366959 (D. Conn. Sept. 30, 2017), *aff'd*, 929 F.3d 74 (2d Cir. 2019). In *Gale*, the plaintiffs, who had initially filed a class action suit in federal court under CAFA, filed a fourth amended complaint

---

[4] "When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." *Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020)) (holding that an amended complaint filed in state court two days before the defendant filed its notice of removal was the "operative complaint").

11

deleting their class allegations. *Id.* at *1. The defendants subsequently moved to dismiss, arguing that the United States District Court for the District of Connecticut no longer had subject matter jurisdiction over the suit following the plaintiffs' deletion of the class action allegations. *Id.* While conceding that CAFA provided the sole basis for jurisdiction, the plaintiffs asserted that jurisdiction remained proper because CAFA jurisdiction attached with the filing of their original complaint. *Id.* The district court ultimately held that it no longer had jurisdiction under CAFA and dismissed the case without prejudice, citing *Rockwell International Corp. v. United States* for the proposition that "[o]rdinarily, when a plaintiff voluntarily amends a complaint filed in federal court, the court must look to the amended complaint to determine subject matter jurisdiction." *Id.* at *1, *3 (citing 549 U.S. 457, 473-74 (2007)). Racca contends that because she, like the *Gale* plaintiffs, omitted all class allegations from her Fourth Amended Complaint, CAFA jurisdiction has been destroyed, and this court no longer has subject matter jurisdiction over her case.

Importantly, however, as Defendants and Prospect point out, *Gale* did not involve removal; instead, the *Gale* plaintiffs filed their case in federal court at the outset. *Id.* at *1. Indeed, the United States Court of Appeals for the Second Circuit explicitly noted this crucial detail when affirming the district court, explaining that the ordinary rule of examining the amended complaint to determine subject matter jurisdiction "would not apply to cases that were removed to federal court" because "removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment." 929 F.3d at 78 n.2 (quoting *Rockwell Int'l Corp.*, 549 U.S. at 474 n.6). The Second Circuit explained that this result obtains "because, although a plaintiff is the master of his or her complaint, to allow a plaintiff to divest a federal court of jurisdiction by amending the

complaint would allow that plaintiff to frustrate a defendant's federal right to remove the case and to be heard in a federal court." *Id.* Accordingly, "[w]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Id.* (quoting *Rockwell Int'l Corp.*, 549 U.S. at 474 n.6). Thus, *Gale* is inapposite to the case at bar, which was originally filed in state court and subsequently removed to this court. Therefore, Racca's misplaced reliance on *Gale* fails to dissuade the court from applying the time-of-removal rule articulated by the Fifth Circuit in *American National Property & Casualty Co*.

Moreover, a similar case decided by another district court within the Fifth Circuit lends additional support to this court's decision. *See Brinston*, 538 F. Supp. 2d at 969. In *Brinston*, after the United States District Court for the Western District of Texas denied the plaintiffs' initial motion to remand their class action suit, the plaintiffs sought leave to amend their complaint to withdraw all their class allegations. *Id.* at 973-74. The plaintiffs contended that without class allegations, their case "must therefore be remanded, as there is no other basis for federal jurisdiction." *Id.* The district court disagreed, noting that "[t]he Fifth Circuit has explicitly stated that post-removal amendments made 'solely to destroy' CAFA jurisdiction do not justify remand." *Id.* at 975 (citing *Braud*, 445 F.3d at 808; *Garcia v. Boyar & Miller, P.C.*, No. 3:06-CV-1936-D, 2007 WL 1556961, at *5 (N.D. Tex. May 30, 2007)). As a result, the district court permitted the plaintiffs to amend their complaint to withdraw their class action allegations, but it denied their request to remand the case to state court. *Id.*

The pending case is identical to *Brinston* in all relevant respects. As in *Brinston*, this case was initially filed in state court as a class action before being removed to federal court under

CAFA. *Id.* at 972-73.  Additionally, following removal, Racca amended her complaint to delete all class action allegations and likewise alleges that no other basis for federal jurisdiction exists over her state law claims against non-diverse defendants. *Id.* at 973-74.  Here, the court agrees with the *Brinston* court that Racca's deletion of the class allegations from her amended complaint does not preclude the court from continuing to exercise jurisdiction over this case.

In addition, decisions of the Fifth Circuit in comparable cases further bolster the proposition that CAFA jurisdiction is generally unaffected by post-removal amendments. *See Cedar Lodge Plantation, L.L.C.*, 768 F.3d at 425; *Am. Nat'l Prop. & Cas. Co.*, 746 F.3d at 633; *Braud*, 445 F.3d at 801.  For instance, *American National Property & Casualty Co.* similarly involved a class action that was initially filed in state court before being removed to federal court under CAFA.  746 F.3d at 634.  Later, the plaintiff—the State of Louisiana, suing on behalf of a class of insurance policyholders—dropped its class allegations and severed the class action into individual actions. *Id.* at 635.  The district courts considering the severed individual actions held that each severed action must have its own independent federal jurisdictional basis and, finding none, remanded the severed actions to state court. *Id.* at 634-35.  On appeal, the Fifth Circuit reversed, holding that:

> [T]he general rule regarding federal jurisdiction over a removed case controls here: Jurisdictional facts are determined at the time of removal, not by subsequent events.[5]  Because at the time of removal CAFA supplied federal subject matter jurisdiction over these cases—as a prior panel of this court explicitly had held—we

---

[5] *American National Property & Casualty Co.* identified a limited exception to the time-of-removal rule:  Where a severed claim was originally before the federal court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367, the severed claim must have an independent jurisdictional basis in order for the federal court to maintain subject matter jurisdiction over the claim. *Id.* at 640 (citing *Honeywell Int'l v. Phillips Petroleum Co.*, 415 F.3d 429, 431 (5th Cir. 2005)).  Importantly, the claims at issue in the present case were originally removed to this court under CAFA, rendering the *Honeywell* exception for claims rooted in supplemental jurisdiction inapplicable.

> hold that CAFA continues to provide jurisdiction over these individual cases notwithstanding their severance from the class.

*Id.* at 635. In essence, because, at the time of removal, the claims in the individual actions "clearly possessed original federal jurisdiction as an integrated part of the CAFA class action . . . . [T]he usual time-of-removal rule controls this appeal, and federal jurisdiction is properly exercised over these severed cases." *Id.* at 640.[6]

Additionally, in *Cedar Lodge Plantation, L.L.C.*, where the plaintiffs sought remand to state court on the basis that they had added a significant local defendant to the suit after removal, the Fifth Circuit held that "allowing [the plaintiffs] to avoid federal jurisdiction through a post-removal amendment would turn the policy underlying CAFA on its head." 768 F.3d at 428-29 (explaining that "CAFA's overarching purpose [is] to curb class action abuse"); *see Arbuckle Mountain Ranch of Tex., Inc.*, 810 F.3d at 341 ("Congress intended to confer broad federal jurisdiction through CAFA, and so '[a]llowing [a plaintiff] to avoid federal jurisdiction through a post-removal amendment would' conflict with the policy underlying CAFA.").

In yet another case, the Fifth Circuit rejected the plaintiffs' argument that they had "ousted" the district court of subject matter jurisdiction by dismissing the removing defendant before filing a motion to remand. *Braud*, 445 F.3d at 804, 808. The court opined that "it is the

---

[6] The Fifth Circuit has also indicated that it would apply the time-of-removal rule in the event that a class action removed under CAFA fails to obtain class certification. Although *American National Property & Casualty Co.*'s holding did not directly address the issue of whether CAFA jurisdiction survives the denial of class certification, the Fifth Circuit favorably cited decisions from other federal circuit courts that have reached this conclusion. *See Am. Nat'l Prop. & Cas. Co.*, 746 F.3d at 639-40 (citing *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011); *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011); *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)); *see also Garcia*, 2007 WL 1556961, at *6 ("[T]his court's jurisdiction under CAFA is not contingent on whether the case can be certified as a class action. CAFA itself certainly imposes no such requirement. It speaks in terms of removal based on how the case is filed[.]").

'action,' not claims against particular defendants, that is removable, so the subsequent dismissal of the removing defendant cannot render the entire lawsuit improperly removed." *Id.* at 808 (citing *Dinkel v. Gen. Motors Corp.*, 400 F. Supp. 2d 289, 294 (D. Me. 2005)). Accordingly, Racca's abandonment of her claims against the removing, diverse defendants—Prospect, McInerney, and Kenter—likewise does not destroy this court's jurisdiction under CAFA.

Thus, *American National Property & Casualty Co.*, *Cedar Lodge Plantation*, and *Braud* exemplify the Fifth Circuit's adherence to the rule that a federal court's exercise of CAFA jurisdiction is governed by the operative pleading at the time of removal, not a plaintiff's post-removal amendments. Nevertheless, the Fifth Circuit has acknowledged that a district court "may properly remand if the amendment dismissing the removing defendant was made for legitimate purposes" and minimal diversity is lacking. *Id.* Although minimal diversity still existed between the *Braud* plaintiffs and a remaining defendant after the removing defendant was dismissed, the Fifth Circuit instructed that courts without minimal diversity "must consider the reasons behind the amendment [dismissing the removing defendant] in determining whether remand is proper. If the plaintiff amended simply to destroy diversity, the district court should not remand. But an amendment that is made for legitimate purposes may be a proper ground for a remand to state court." *Id.* at 808-09 (citations omitted) (quoting *Schillinger v. Union Pac. R.R.*, 425 F.3d 330, 334 (7th Cir. 2005)). Notably, Racca's present remand motion does not cite *Braud*, and she makes no attempt to offer this argument or provide any legitimate reason for omitting either the class allegations or the removing, diverse defendants—Prospect, McInerney, and Kenter—from her Fourth Amended Complaint. Thus, as in *Braud*, "[a]bsent the proffer of any reason for [the removing defendant's] dismissal, it appears that its dismissal was intended

solely to destroy diversity, so there is no justification for remand." *Id*. at 809. The court adopts this analysis and reasoning in the case at bar.

Therefore, the time-of-removal rule set out in *American National Property & Casualty Co*. governs whether the court retains jurisdiction over this case. The court's prior Order denying Racca's initial motion to remand determined that CAFA jurisdiction was proper in this case at the time of removal. Racca has not provided any "legitimate purpose" for amending her complaint to omit all class action allegations and abandon her claims against the diverse defendants. *Id*. at 808. Thus, Racca's post-removal, amended complaints do not divest the court of subject matter jurisdiction under CAFA.

III. <u>Conclusion</u>

An evaluation of the relevant facts and controlling law reveals that the court continues to have federal subject matter jurisdiction over this action. Accordingly, Racca's Opposed Renewed Motion to Remand (#72) is DENIED.

SIGNED at Beaumont, Texas, this 9th day of June, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE