| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| RONDA RACCA, § § Plaintiff, § § *versus* § § EFG GENERAL PARTNER CORP., § EDUCATION FUTURES MANAGEMENT § COMPANY, EDUCATION FUTURES § GROUP, LLC, COMPUTER CAREER § CENTER, L.P. d/b/a Vista College, and JIM § TOLBERT, § § Defendants, § § JIM TOLBERT, § § Defendant/Third-Party Plaintiff, § § *versus* § § PROSPECT PARTNERS, LLC, § § Third-Party Defendant. § | CIVIL ACTION NO. 1:22-CV-142 |

## MEMORANDUM AND ORDER

Pending before the court is Third-Party Defendant Prospect Partners, LLC's ("Prospect Partners") Opposed Motion to Consolidate Related Actions Under Rule 42 (#88), wherein Prospect Partners seeks to consolidate the above-styled action with Civil Action No. 1:23-CV-226, *Coleman v. Prospect Partners LLC et al.*, which is pending before United States District Judge Michael Truncale. Plaintiff Ronda Racca ("Racca") filed a response in opposition (#89). Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Prospect Partners' motion should be denied.

I.    Background

Defendant Computer Career Center, L.P. d/b/a Vista College ("Vista College") formerly operated as a private, post-secondary educational institution, with its headquarters located in Richardson, Texas. The Richardson location was licensed to provide online education to students located in Texas and twenty-eight other states. Vista College operated five Texas campuses, located in Beaumont, College Station, Killeen, El Paso, and Longview, that provided in-person education. Vista College also maintained campuses outside of Texas—in Las Cruces, New Mexico, and Fort Smith, Arkansas. In August 2021, Vista College announced that it planned to stop enrolling new students at its in-person campuses but that it would continue enrolling students in its online programs. At that time, Vista College promised its existing students in an email that it would "continue to offer the courses [students] need[ed] to graduate from [their] programs." On October 8, 2021, however, Vista College ceased all operations without notice to its students, citing "unforeseen events." Racca was a student at Vista College's Beaumont campus at the time of the closure.

On October 12, 2021, Racca, individually and on behalf of similarly situated persons, filed a class action lawsuit in the 136th District Court of Jefferson County, Texas, against Vista College, as well as Defendants EFG General Partner Corp., Education Futures Management Company, Education Futures Group, LLC, and Jim Tolbert ("Tolbert") (collectively, "Defendants"). Racca also asserted claims against Prospect Partners, Michael McInerney ("McInerney"), and Louis Kenter ("Kenter") in her original class action petition. In particular, Racca's petition alleged causes of action for: (1) breach of contract, breach of express and implied terms, and breach of the covenant of good faith and fair dealing; (2) negligent and intentional

2

misrepresentation;[1] (3) breach of fiduciary duty; (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (5) quantum meruit and promissory estoppel; and (6) unjust enrichment.

On April 7, 2021, Prospect Partners, McInerney, and Kenter removed Racca's action to this court. Racca then filed her original Opposed Motion to Remand (#12), arguing that the case should be remanded to state court because both the local controversy exception and the local single event exclusion to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715, required that the court decline to exercise jurisdiction. The court denied Racca's motion (#28), holding that Racca had failed to establish that either the local controversy exception or the local single event exclusion to CAFA jurisdiction applied in this case.

Racca then filed a series of amended complaints. Notably, Racca's Third Amended Complaint (#60) deleted all class action allegations and removed earlier language referencing "others who are similarly situated,"[2] and her Fourth Amended Complaint (#66) omitted Prospect Partners, McInerney, and Kenter from the pleadings.[3] Prospect Partners' absence from this case,

---

[1] Racca's operative complaint omits any claims of intentional misrepresentation and instead asserts causes of action for negligent misrepresentation and ordinary negligence.

[2] Meanwhile, Racca's counsel filed seven additional lawsuits against Defendants in state courts throughout Texas, asserting similar claims arising from Vista College's closure. These lawsuits were subsequently consolidated in a state court multidistrict litigation ("MDL") proceeding in the 146th Judicial District Court of Bell County, Texas. The plaintiffs' MDL Master Consolidated Petition asserts claims against Defendants, as well as Prospect Partners and Silverman Consulting ("Silverman"), the defendants in the *Coleman* action.

[3] Racca later filed a Renewed Motion to Remand (#72), which the court denied (#80), holding that it retained subject matter jurisdiction over this action under CAFA despite Racca's deletion of her class action allegations and abandonment of her claims against diverse defendants in her post-removal amended complaints. Notably, although Racca's response to the pending motion references her renewed motion to remand and asserts that her case "should be remanded and consolidated in the MDL," the court rejected Racca's renewed remand motion five months before Racca filed her response to the present motion.

3

however, was short-lived, as Tolbert subsequently filed a Third-Party Complaint (#70) against Prospect Partners, specifically seeking contribution and indemnification.

Now, Prospect Partners requests that the court consolidate this action with the *Coleman* action, arguing that the two cases involve "almost the same causes of action, same facts, same issues, and same attorneys."[4]  In the *Coleman* action, a single plaintiff, Allen Coleman ("Coleman"),[5] a former student previously enrolled in one of Vista College's online programs, asserts claims against Prospect Partners and Silverman.  According to Coleman's operative complaint, Prospect Partners is a "private equity firm that owned, operated, managed, and funded several campuses throughout the State of Texas, including Vista College located in Beaumont," and Silverman is a "consulting firm retained, hired, and/or 'brought in' by [Prospect Partners] to act as a Chief Restructuring Officer for Vista College."  Coleman complains that Prospect Partners and Silverman "mismanaged [Vista College's] finances, mismanaged business operations, failed to provide adequate finances, misrepresented, undercapitalized, and failed to provide his tuition refunds per his contract."  In particular, Coleman asserts causes of action against Prospect Partners and Silverman for:  (1) breach of contract, breach of express and implied terms, and

---

[4] Prospect Partners previously sought to consolidate this action with Civil Action No. 1:22-CV-394, *Achane et al. v. EFG General Partner Corp. et al.*, one of the aforementioned state court lawsuits that was filed in the 136th Judicial District Court of Jefferson County, Texas, before being removed to this district and division and assigned to Judge Truncale.  After Judge Truncale remanded the *Achane* action to state court, the undersigned denied Prospect Partners' previous consolidation motion as moot (#87).

[5] The Original Complaint (No. 1:23-CV-226, #1) in the *Coleman* action named Angelle Hines as the plaintiff.  Four days after filing the Original Complaint, plaintiff's counsel filed an Amended Complaint (No. 1:23-CV-226, #2) naming Coleman as the plaintiff.  Plaintiff's counsel also filed a motion to restyle the case with Coleman named as the sole plaintiff, which Judge Truncale granted (No. 1:23-CV-226, #4).  Judge Truncale's Order further instructed the Clerk of the Court to "terminate Angelle Hines as a Party Plaintiff in this matter."

breach of the covenant of good faith and fair dealing; (2) violations of the DTPA;[6] (3) unjust enrichment; (4) quantum meruit and promissory estoppel; and (5) negligent misrepresentation and ordinary negligence.[7]

Racca opposes consolidation of her action with the *Coleman* action, contending that the cases do not involve common parties and that consolidation would prejudice both Coleman and herself. In addition, Racca insists that the two actions focus on distinct issues and theories of liability, in that her case against Defendants "involves inducements and failing to provide educational services despite a contract," whereas Coleman's case against Prospect Partners and Silverman "involves the mismanagement of finances against two defendants not named in [this action]."

II. Analysis

Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule CV-42 provide that a trial court may consolidate actions involving common questions of law or fact, especially when doing so will avoid unnecessary cost or delay. FED. R. CIV. P. 42(a); LOC. R. CV-42; *accord Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 452 (5th Cir. 2019); *Cook v. City of Dallas*, 683 F. App'x 315, 323 (5th Cir. 2017); *Murray v. Fid. Nat'l Fin., Inc.*, 594 F.3d 419,

---

[6] In its First Amended Answer (No. 1:23-CV-226, #27), Silverman asserts a counterclaim against Coleman, alleging that Coleman's DTPA claims against it are "groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." Silverman avers that, pursuant to Texas Business & Commerce Code § 17.50(c), it is accordingly entitled to recover its "reasonable and necessary attorneys' fees and court costs" from Coleman.

[7] On February 2, 2024, Judge Truncale granted (No. 1:23-CV-226, #29) Prospect Partners' motion for leave to designate EFG General Partner Corp., Education Futures Management Company, Education Futures Group, LLC, Computer Career Center, L.P., and Tim Tolbert—Defendants in the present action—as responsible third parties in the *Coleman* action pursuant to Texas Civil Practice & Remedies Code § 33.004(a).

422 (5th Cir. 2010). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018); *accord IntegraNet Physician Res., Inc. v. Tex. Indep. Providers, L.L.C.*, 945 F.3d 232, 245 (5th Cir. 2019), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020); *El Bey v. Dominguez*, 540 F. Supp. 3d 653, 658 n.5 (N.D. Tex. 2020) ("The Court is given broad discretion to decide whether to consolidate cases under this rule, and the consent of the parties is not required." (citing 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed. 2020))). Nonetheless, "[c]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983); *accord Douglas v. Hous. Hous. Auth.*, 587 F. App'x 94, 98 (5th Cir. 2014); *Finney v. Bd. of Comm'rs of Port of New Orleans*, 575 F. Supp. 3d 649, 658 (E.D. La. 2021).

"The party moving for consolidation bears the burden of demonstrating that consolidation is proper." *Texas v. United States*, No. 6:21-cv-00016, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993)). In deciding if consolidation is appropriate, courts consider whether:

> (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law and/or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and, if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

*See Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024); *Nielsen v. United States*, No. 7:21-cv-00330, 2022 WL 781087, at *2 (S.D. Tex. Mar. 15, 2022); *Butler v. Delta Air Lines, Inc.*, No. CV H-15-3682, 2017 WL 4003429, at

\*3 (S.D. Tex. Sept. 12, 2017).  Courts also consider whether the cases are at the same stage of preparation for trial.  *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 990; *see AGIS Software Dev. LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00362-JRG, 2022 WL 1608045, at \*4 (E.D. Tex. May 20, 2022); *Studio 6 v. Dingler*, No. 3:21-CV-0278-B (BH), 2021 WL 764030, at \*1 (N.D. Tex. Feb. 25, 2021); *Bucklew v. Bonham*, No. 3:19-CV-435-N, 2019 WL 2141792, at \*2 (N.D. Tex. May 16, 2019).  Here, the court finds that these factors weigh against consolidation.

First, these cases are currently pending before different judges and neither the plaintiffs nor the defendants are the same in the two actions.  In fact, the only common party between the two cases is Prospect Partners.  Notably, while Prospect Partners is a defendant in the *Coleman* action, it is only a third-party defendant in the present action.  In other words, Racca, the sole plaintiff in the current action, asserts no claims against either Prospect Partners or Silverman—the two defendants in the *Coleman* action.  Likewise, in his own single-plaintiff action, Coleman asserts no claims against Vista College, EFG General Partner Corp., Education Futures Management Company, Education Futures Group, LLC, or Tolbert—the defendants in the *Racca* action.  Therefore, factors one and two weigh against consolidation.  *See Kodaco Co., Ltd. v. Valley Tool, Inc.*, No. 3:23CV211-GHD-JMV, 2023 WL 7663438, at \*1 (N.D. Miss. Nov. 14, 2023) (rejecting consolidation in part because the cases involved "different defendants and different claims"); *Bean-Kemp v. City of Houston*, No. H-10-3111, 2011 WL 938907, at \*2 (S.D. Tex. Mar. 15, 2011) (refusing to consolidate cases pending before different courts where plaintiffs were not common parties); *Certified/LVI Env't Servs. Inc. v. PI Constr. Corp.*, No. SA-01-CA-1036-FBNN, 2003 WL 1798542, at \*2 (W.D. Tex. Mar. 3, 2003) (denying motion to consolidate where cases contained different parties).

Moreover, while the two cases arise from the same factual background—Vista College's closure—the court is unconvinced that they involve "common questions of law," as the two plaintiffs are proceeding under different theories of liability against separate sets of defendants. Although, at first blush, the complaints appear to assert similar claims, the theories of recovery in the two cases are distinct. Specifically, ¶ 13 of Racca's Fourth Amended Complaint (#66) clarifies that the gravamen of her complaint "is that Defendants induced her enrollment, lied or misrepresented material facts to her, failed to provide her educational services despite contractual obligations, and failed to provide her tuition refunds per her contract." In contrast, ¶ 6 of Coleman's First Amended Complaint (No. 1:23-CV-226, #2) reveals that the gravamen of his complaint "is that [Prospect Partners and Silverman] mismanaged finances, mismanaged business operations, failed to provide adequate finances, misrepresented, undercapitalized, and failed to provide his tuition refunds per his contract."

The differences between the two cases are especially stark upon consideration of Coleman's ordinary negligence claims against Prospect Partners. For example, Coleman's Amended Complaint alleges that Prospect Partners was negligent in "failing to hire a competent consulting firm to act as Chief Restructuring Officer"; "failing to retain a competent consulting firm to act as Chief Restructuring Officer"; and "failing to appropriately and adequately direct the Chief Restructuring Officer under the circumstances." These allegations are decidedly unlike any asserted against Defendants in Racca's case; moreover, Coleman alleges negligence on the part

8

of two defendants entirely absent from Racca's operative complaint.[8] Thus, the two actions do not involve "common questions of law" under the third factor of the consolidation analysis.

Most importantly, however, consolidation of the above-styled action with the *Coleman* action would result in jury confusion and prejudice to the plaintiffs and other parties, as a jury would be required to hear and distinguish between evidence regarding different claims, different sets of defendants, and different theories of liability. For example, the *Coleman* action involves a counterclaim asserted by Silverman against Coleman—two parties that are not involved in the *Racca* action in any capacity. Moreover, a jury would need to take into account that, while Coleman asserts multiple claims against Prospect Partners in his own case, Prospect Partners' involvement in *Racca* must be considered strictly for the limited purpose of resolving Tolbert's contribution and indemnity claims against it as a third-party defendant. Further complicating matters, a jury would simultaneously need to bear in mind that Defendants in the present case are not parties in *Coleman*, yet the jury must nevertheless consider Defendants' fault in that action, as Prospect Partners has designated them as responsible third parties. Such distinctions and caveats pose a considerable risk of jury confusion. *See Bean-Kemp*, 2011 WL 938907, at *2 (considering the possibility of jury confusion and prejudice to plaintiffs in denying motion to consolidate); *Guillermo Sintes Reyes, S.A. v. Opulence Transp. Corp.*, No. 92-2312, 1993 WL 114522, at *1 (E.D. La. Apr. 9, 1993) (declining to consolidate cases where confusion would result).

---

[8] Coleman's operative complaint also asserts no breach of fiduciary duty claim, further distinguishing his case from Racca's.

Prospect Partners contends that Racca would not be prejudiced by the consolidation of the two actions because she initially filed her case as a class action. As Racca emphasizes, however, she has since removed the class action allegations from her pleadings and has chosen to "pursue her case as an individual." Furthermore, Prospect Partners fails to address any potential prejudice that Coleman or, for that matter, Defendants and Silverman, might experience from consolidation. The court observes that, from the outset of his own case, Coleman has elected to pursue his claims against Prospect Partners and Silverman as an individual plaintiff.[9] Additionally, as Racca points out, it is unclear whether Defendants are amenable to consolidation. Defendants did not join Prospect Partners' motion, and the certificate of conference provides no insight as to Defendants' views on consolidation. When considering the potential for prejudice to other parties, the court is mindful of the fact that only one party advances arguments in favor of consolidation. *See Kodaco Co., Ltd.*, 2023 WL 7663438, at *2 (noting, when denying consolidation, that only a singular plaintiff in one of the three actions had sought consolidation).

Finally, Prospect Partners insists that "there is a legitimate risk of 'inconsistent adjudications' if the cases are not consolidated," arguing that "there is a serious risk the two judges will issue divergent or even conflicting rulings on discovery disputes, dispositive motions, and on other matters." Racca maintains that this concern is "fabricated, at best," given that the two actions "involve entirely different defendants and plaintiffs with different theories of liability." The court agrees with Racca. Indeed, considering the different theories of liability in the two

---

[9] Racca also asserts that Coleman would be prejudiced by consolidation because, at the time Racca filed her response, the scheduling order in *Coleman* was "more traditional," whereas the scheduling order in her case "include[d] class action entries." This argument is now moot, however, as the operative scheduling order in Racca's case no longer contains class action-specific deadlines.

10

cases, there is a possibility that inconsistent adjudications on discovery disputes might be appropriate, as certain discovery could very well be "relevant" and "proportional to the needs" of the *Racca* action while falling outside the scope of permissible discovery in the *Coleman* action. *See* FED. R. CIV. P. 26(b)(1).  Thus, although there will likely be some overlap in discovery between the two actions, the court is of the opinion that any hypothetical conservation of judicial resources that might result from consolidation would be severely overshadowed by the prejudice to the two plaintiffs and other parties and the significant risk of jury confusion.  As a result, the court concludes that the fourth and fifth factors also support a denial of Prospect Partners' motion.[10]  Prospect Partners has failed to demonstrate that consolidation of the *Racca* action and the *Coleman* action is warranted.[11]

III. <u>Conclusion</u>

Consistent with the foregoing analysis, the court determines that consolidation is not appropriate or prudent under these circumstances.  Accordingly, Prospect Partners' Opposed Motion to Consolidate Related Actions Under Rule 42 (#88) is DENIED.

---

[10] Although both cases remain in the discovery phase, the similarity of the two cases' stages of litigation does not warrant consolidation.  Indeed, it is unclear when either case will be prepared to proceed to trial, as, in recent months, the parties in both cases have sought extensions to conduct discovery in light of the voluminous number of documents involved in their respective cases. *See* (No. 1:22-CV-142, #92) (seeking an extension of the discovery deadline in part because the parties recently gained access to "in excess of 9,000,000 documents"); (No. 1:23-CV-226, #41) (requesting an extension so that the parties' experts could have additional time to review "hundreds of thousands of documents").

[11] Racca also argues that consolidation is improper because her Enrollment Agreement with Vista College explicitly states that she "agree[s] that any dispute or claim [she] may bring shall be brought solely in [her] individual capacity, and not as a plaintiff or class member in any . . . consolidated or joint action." Prospect Partners points out that this provision did not deter Racca from initially filing her case as a class action.  Because the court determines that the consolidation factors weigh heavily against consolidation, it need not consider this argument.

SIGNED at Beaumont, Texas, this 25th day of June, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE